## In re PINE TRACE CORPORATION, Debtor.

### Bankruptcy No. 88–27–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 14, 1988.

Randall Tayler, Sarasota, Fla., for Pine Trace Development Corp.

Harley Riedel, Tampa, Fla., for movant.

## ORDER ON MOTION FOR RELIEF FROM STAY OR ADEQUATE PROTECTION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Relief from the Automatic Stay or Adequate Protection filed by Royal Palm Savings Association (Royal Palm). Royal Palm seeks relief from the automatic stay under both § 362(d)(1) and § 362(d)(2) of the Bankruptcy Code in order to foreclose a mortgage on real property owned by the Debtor. The Court has considered the Motion together with the record and finds the relevant facts as established at the final evidentiary hearing are as follows:

The Debtor, Pine Trace Corporation (Pine Trace), filed a voluntary Petition for Reorganization under Chapter 11 on January 5, 1988. The record reveals that Royal Palm holds a mortgage on three parcels of land owned by Pine Trace located in Charlotte County, Florida and which happen to be the only asset of Pine Trace. To evidence the debt secured by the mortgages and security agreements, Pine Trace executed and delivered to Royal Palm three promissory notes in the principal amounts of $3,700,-000, $1,400,000 and $269,000, respectively. Pine Trace defaulted on its obligation evidenced by the notes, the mortgages and security agreement. Royal Palm filed a complaint to foreclose its mortgage in

Charlotte County Circuit Court on December 21, 1987. It is undisputed that the outstanding principal balance on the three notes is currently $2,193,702. It further appears that the interest on this obligation accrues at a per diem rate of $1,446.98.

Prior to the entry of a final judgment in the foreclosure action, Pine Trace filed its Petition for Relief under Chapter 11. Shortly thereafter Royal Palm filed its Motion for Relief from Stay or in the alternative Motion for Adequate Protection. In its Motion Royal Palm sought an Order terminating the Automatic Stay pursuant to § 362(d)(1) and § 362(d)(2) of the Bankruptcy Code. At the conclusion of the preliminary hearing on the Motion, this Court extended the automatic stay provided that Pine Trace makes adequate protection payments to Royal Palm in the amount of $21,000. It also scheduled a final evidentiary hearing to reconsider (1) whether or not the payment ordered to be paid is adequate, and (2) whether or not Royal Palm is entitled to have the automatic stay terminated pursuant to § 362(d)(2).

It is urged by Royal Palm that the automatic stay should be lifted under § 361(d)(1) for two reasons. First, Royal Palm contends that its interest in the property is not adequately protected and that its position is clearly deteriorating because Royal Palm has not received any payments from Pine Trace on the principal obligation since October 1986, and the only payments it received were some interest payments plus one single adequate protection payment ordered by this Court. Second, Royal Palm contends that real estate taxes continue to accrue which in turn constantly erodes Royal Palm's position and the offer by Pine Trace of adequate protection is totally inadequate. This last position of Royal Palm refers to an offer made by Pine Trace to the effect at the final evidentiary hearing that it is willing to agree to the adjustment of an existing third mortgage in favor of Royal Palm encumbering a certain golf course located in the State of Pennsylvania owned by the president of Pine Trace, Mr. Bader. Specifically Pine Trace offered that it is willing to increase the principal amount of this third mortgage by the interest which would accrue on the obligation secured by the mortgage of Royal Palm's secured claim each month on the properties owned by Pine Trace.

In support of its contention that this offer is inadequate, Royal Palm points to the precarious position of the Pennsylvania golf course which is already involved in a foreclosure action. In addition, although Bader testified that the golf course was worth $10,000,000 and has an unspecified offer to sell this property for that sum, Royal Palm introduced into evidence a written appraisal prepaid for Bader himself in August 1987 which valued the same property at $3,500,000. Royal Palm contends based on this value, considering the aggregate encumbrances on the property represented by the three mortgages, not counting the amount of interest accruing on liquidation, costs, and attorney's fees related to each mortgage, it is clear that the Pennsylvania golf course, if there is a sale in the near future, a fact not without serious doubt, cannot possibly provide Royal Palm with sufficient funds to assure payment of the amount due secured by its mortgage. Finally, Royal Palm contends that Bader's personal guarantee offers nothing new to Royal Palm because Bader is already a personal guarantor on the obligation due by Pine Trace to Royal Palm.

The second basis for Royal Palm's motion for relief is based on § 362(d)(1) and is for "cause." According to Royal Palm the "cause" is the fact that the Debtor's case was filed in bad faith. For this proposition, counsel for Royal Palm cites the cases of *In re Little Creek Development Company,* 779 F.2d 1068 (5th Cir.1986) and *In re Victory Construction Company,* 9 B.R. 549 (Bkrtcy. C.D.Cal.1981).

Counsel for Royal Palm points to the following several factors which are present in this case, all of which have been considered in *In re Albany Partners, Limited,* 749 F.2d 670, 674 (11th Cir.1984) and *In re Victory Construction Co., supra* as the ground for lifting the automatic stay for lack of good faith. First, it is undisputed that this case is a single asset case and that Royal Palm's lien encumbers this as-

697

set; second, the foreclosure action by Royal Palm was already pending prior to filing by Pine Trace of its case; third, Pine Trace has no employees and not enough income even to pay for the maintenance of the property let alone to service the debt owed to Royal Palm. Most importantly, it is contended by Royal Palm that Pine Trace has no realistic possibility of an effective reorganization. *In re Albany Partners, Limited, supra.*

Royal Palm also seeks to have the automatic stay terminated pursuant to § 362(d)(2). In support of this contention Royal Palm contends that Pine Trace has no equity in the subject property and the property is not necessary for an effective reorganization. In support of this contention, counsel for Royal Palm points to the following undisputed facts:

The only asset owned by Pine Trace is this parcel of real estate involved in this litigation. The parcel is divided into three contiguous tracts. One tract contains 10 completed condominium units, some of these units actually being rented at this time. Pine Trace has not sold any of the completed condo units since 1984. The second and third parcels are unimproved and are allegedly being considered as the sites for the construction of an additional 60 condominium units and shopping center respectively. As noted earlier, the only source of income of Pine Trace is derived from the rental of the condominium units and which sum is approximately $30,000 annually, not even enough to maintain the property. Pine Trace has no cash or other funds to resume construction and has no prospects to obtain funds in the near future to commence to develop on the two unimproved parcels.

Although facially it appears that Royal Palm is entitled to the relief it seeks and this Court has serious misgivings about whether this Debtor will be able to effectuate its Plan of Reorganization in light of the fact that the Debtor did file a plan, this Court is satisfied that the Debtor should be given at least one and *only one* opportunity to proceed forthwith to confirmation and be given a chance to obtain confirmation.

This conclusion shall not be construed, however, as an indication by this Court that Pine Trace in fact has a realistic possibility to obtain confirmation of the plan filed, and neither that this Court pre-judged the feasibility of the proposed plan which as it now appears is dependent entirely on the ability of Mr. Bader to realize the funds from liquidation of the golf course, the only source of funds appearing to be available to effectuate this reorganization.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay filed by Royal Palm be, and the same is hereby, denied; provided, however, that the Debtor continues to make adequate protection payments to Royal Palm in the amount of $21,000 per month. In the event of a default in adequate protection payments, Royal Palm may, upon telephonic notice to Debtor's attorney, seek ex parte relief from the automatic stay.