GEORGE C. YOUNG, District Judge:
 

 Following a trial in these proceedings, the bankruptcy court issued findings of fact and conclusions of law, together with an order which (1) dismissed the Chapter 11 Petition for Reorganization filed by Albany Partners, Ltd. (“Albany Partners”), (2) annulled the automatic stay, and (3) denied Albany Partners’ complaint to set aside a foreclosure sale conducted by the appellees and to adjudicate the appellees in contempt. Albany Partners unsuccessfully appealed these rulings in the district court below, and now appeals the district court’s order confirming the order of the bankruptcy court. For the reasons discussed below, we affirm.
 
 [1]
 

 Facts and Proceedings
 

 Appellees Westbrook, Forehand and Varn were shareholders of Almada, Inc., a Georgia corporation, which on February 1, 1982 sold the Ramada Inn in Albany, Georgia to Ocean View Associates (“Ocean View”), a South Carolina limited partnership. As part of the transaction, Ocean View gave Almada two notes, each secured by deeds to secure debt covering the Ramada Inn property. Almada, Inc. subsequently dissolved, and the notes and security deeds were assigned to the appellees. One of the notes was for $3,600,000, and provided for principal and interest to be paid in monthly installments of $42,176.63 over ten years with the remaining balance due in the final payment. The other note was for $450,000, with principal and interest due in full on February 1, 1983.
 

 Ocean View made timely payments to appellees through January of 1983, but thereafter defaulted under the terms of the notes.
 
 [2]
 
 Consequently, in April, 1983, appel-lees commenced non-judicial foreclosure proceedings under the powers of sale contained in their security deeds, and advertised a foreclosure sale to be held on May 3, 1983.
 
 See
 
 O.C.G.A. §§ 44-14-60
 
 et seq.
 
 Simultaneously, appellees filed a petition for writ of possession and for appointment of a receiver in the Superior Court of Dougherty County, Georgia. On April 14, 1983, the Superior Court entered an order appointing a temporary receiver of the Ramada Inn premises and requiring Ocean View to show cause why the relief sought by the appellees should not be granted.
 

 Ocean View filed an answer, dated April 27, 1983, alleging,
 
 inter alia,
 
 that it conveyed the collateral property by a warranty deed dated February 1, 1982 to Albany
 
 *672
 
 Partners, Ltd., a North Carolina limited partnership and the debtor in this bankruptcy case, that Albany Partners had possession and control of the collateral, and that revenues from the premises were being received by Albany Partners and not by Ocean View. However, at an evidentiary hearing before the Superior Court on April 27, 1983, Ocean View did not produce a copy of the deed showing the transfer allegedly made to Albany Partners. In addition, appellees searched the records of Dougherty County and could not find any evidence of the alleged transfer. Even though it had counterclaimed to enjoin the foreclosure, Ocean View made no attempt to join Albany Partners as a party to the action; nor did Albany Partners seek to intervene, even though it clearly was aware of the action because the two general partners in Albany Partners were also among the three general partners in Ocean View Associates. The Dougherty County Superi- or Court rejected Ocean View’s allegations and contentions, and accordingly granted a writ of possession and appointed a receiver on April 27, 1983. (See Superior Court Order, dated May 2, 1983; Creditor Exhibit 13).
 

 On May 2, 1983, the eve of appellees’ foreclosure of the Ramada Inn, Albany Partners filed this Chapter 11 petition claiming to be the owner and operator of the said Ramada Inn. Although they were notified of appellant’s bankruptcy filing, appellees consumated the foreclosure sale on May 3, and ten days thereafter filed a complaint in the bankruptcy court seeking relief from the automatic stay. Meanwhile, Albany Partners filed a complaint to set aside the foreclosure and moved to have the appellees held in contempt.
 

 An evidentiary hearing on these matters was held before the bankruptcy judge on May 25, 1983. At that time, appellant produced an unrecorded warranty deed, dated February 1, 1982, purporting to convey the Ramada Inn property from Ocean View Associates to Albany Partners.
 
 [3]
 
 Appellant conceded that this was the first time appel-lees had seen the deed (Record, Vol. 3, pp. 18, 32). Albany Partners argued that ap-pellees knew or should have known of the conveyance by virtue of a provision in their security deeds permitting Ocean View to transfer its interests in the Ramada Inn premises to Albany Partners within six months
 
 [4]
 
 , and by virtue of Ocean View’s allegation in the state court proceedings that it had transferred the property to Albany Partners. Appellees countered that the alleged transfer to Albany Partners was never disclosed to appellees prior to initiation of the foreclosure proceedings, and that Ocean View, through its general partner and agent, Gordon McMeen, continued to deal directly with appellees as if it still retained title to the property. Appel-lees further stressed that the Dougherty County Superior Court rejected the claim that Albany Partners owned the Ramada Inn property.
 

 The bankruptcy court found the Ramada Inn to be valued at $2,200,000, whereas on the date the bankruptcy petition was filed the outstanding debt to appellees on the two notes from Ocean View was $4,185,-190. On this basis, the bankruptcy court determined that the debtor lacked equity in the subject property. Albany Partners’ offer of protection to appellees was a monthly payment of $30,000 and assurances that the property would be properly insured, taxes would be paid, etc., which were obli
 
 *673
 
 gations already imposed on the debtor by the security deed. The bankruptcy court found this offer to be inadequate, and concluded that Albany Partners was unable to provide adequate protection to appellees. The court noted that the debtor was then in default to appellees of payments totalling $633,625, and that the debtor’s Ramada Inn franchise was in jeopardy, as approximately $100,000 in capital improvements were required.
 
 [5]
 
 The court further rejected Albany Partners’ proposal to raise funds through outside investors, citing a previous lack of success in such endeavors. The court thus found it unlikely that Albany Partners could complete an effective Chapter 11 reorganization. Based on these findings, the bankruptcy court concluded that appellees were entitled to relief from the automatic stay.
 

 With respect to Albany Partners’ complaint to have the foreclosure set aside and to have appellees held in contempt, the bankruptcy court concluded that under the circumstances appellees had not violated the stay.
 
 [6]
 
 Finding that Albany Partners’ petition for reorganization was not filed in good faith, the bankruptcy court ordered that the automatic stay be annulled so as to allow the state court proceedings to continue “as if this Chapter 11 case had never been filed”, and that Albany Partners’ Chapter 11 petition be dismissed with prejudice.
 

 Relief From Automatic Stay
 

 We begin our review by considering whether the appellees were properly granted relief from the automatic stay. The governing provision of the bankruptcy code is 11 U.S.C. § 362(d) which states:
 

 “On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such a stay—
 

 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
 

 (2) with respect to a stay of an act against property, if—
 

 (A) the debtor does not have an equity in such property; and
 

 (B) such property is not necessary to an effective reorganization.”
 

 The bankruptcy court and the district court below found that Albany Partners lacked equity in the subject property and had no realistic prospect of an effective reorganization. These findings were amply supported in the record and entitled appellees to relief from the stay pursuant to § 362(d)(2).
 
 [7]
 
 We thus need not consider whether relief was also justified under § 362(d)(1), based on “lack of adequate protection” or on some other ground constituting “cause”.
 

 Dismissal for Lack of Good Faith
 

 The bankruptcy court also found that Albany Partners did not file this Chapter 11 petition in good faith, and concluded
 
 *674
 
 that the case therefore should be dismissed. In connection with its finding of lack of good faith, the court noted that Albany Partners chose not to intervene in appellees’ possessory action in state court, and had given no indication to appellees prior to those proceedings that it acquired the Ramada Inn from Ocean View. Furthermore, the debtor waited until the eve of the foreclosure sale to file this Chapter 11 petition, and did not present the unrecorded deed which purportedly conveyed the property from Ocean View to Albany Partners until the hearing on May 25, 1983, twenty-three days after the Chapter 11 petition was filed.
 
 [8]
 
 In addition, the court observed that the testimony at trial of Mr. Frank Baldwin, one of the general partners in both Ocean View and Albany Partners, was “indecisive and evasive”, and that Baldwin had estimated the Ramada Inn to be worth $5,400,000 even though his own expert testified that the property was worth $2,800,000.
 

 Although “good faith” is required for confirmation of a reorganization plan, 11 U.S.C. § 1129(a)(3), Chapter 11 does not expressly condition the right to file or maintain a proceeding on the “good faith” of the debtor at the time the proceeding is initiated. However, § 1112(b) of the Code permits a bankruptcy court to convert or dismiss a case for “cause”'. The provision lists nine examples of cause, but the list is not exhaustive. The pertinent legislative history states, “The court will be able to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases.” H.R. Rep. No. 595, 95 Cong., 1st Sess. 406 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6362. Accordingly, the determination of cause under § 1112(b) is “subject to judicial discretion under the circumstances of each case.”
 
 In the Matter of Nancant,
 
 8 B.R. 1005, 1006 (Bankr.D.Mass.1981). The equitable nature of this determination supports the construction that a debtor’s lack of “good faith” may constitute cause for dismissal of a petition. In finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions. Particularly when there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate.
 
 See In re Eden Associates,
 
 13 B.R. 578, 583-85 (Bankr.S.D.N.Y.1981);
 
 In re Victory Construction Co., Inc.,
 
 9 B.R. 549, 555-56, 558, 564-65 (Bankr.C.D.Cal.1981);
 
 In re G-2 Realty Trust,
 
 6 B.R. 549, 552-54 (Bankr.D.Mass.1980);
 
 In re Dutch Flat Investment Co.,
 
 6 B.R. 470, 471-72 (Bankr.N.D.Cal.1980);
 
 See also In the Matter of Levinsky,
 
 23 B.R. 210, 219-220 (Bankr.E.D.N.Y.1982);
 
 In the Matter of Northwest Recreational Activities, Inc.,
 
 4 B.R. 36, 38-40 (Bankr.N.D.Ga.1980).
 

 The record in this case supports the finding that Albany Partners did not file this petition in good faith. Even though the transfer of the Ramada Inn from Ocean View to Albany Partners appears to have occurred over a year prior to the filing of the petition, the record reveals the acts of Ocean View necessarily concealed the fact of Albany Partners’ ownership from the appellees and, as previously noted, the two general partners in Albany Partners constituted the majority of the general partners in Ocean View. Furthermore, consideration of the economic reality confronting Albany Partners supports the conclusion that the debtor had no realistic chance of successfully reorganizing. Under such circumstances, the petition was properly dismissed pursuant to § 1112.
 

 Retroactive Relief
 

 Albany Partners maintains that even if relief from the automatic stay and dismiss
 
 *675
 
 al of the petition were proper, the bankruptcy court exceeded its power by ordering that the stay be annulled, effective retroactively so as to validate appellees’ foreclosure sale of the Ramada Inn property.
 

 It is true that acts taken in violation of the automatic stay are generally deemed void and without effect.
 
 Kalb v. Feuerstein,
 
 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940);
 
 Borg-Warner Acceptance Corp. v. Hall,
 
 685 F.2d 1306, 1308 (11th Cir.1982). Nonetheless, § 362(d) expressly grants bankruptcy courts the option, in fashioning appropriate relief, of “annulling” the automatic stay, in addition to merely “terminating” it. The word “annulling” in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect; otherwise its inclusion, next to “terminating”, would be superfluous. As is stated in 2 Collier’s Bankruptcy Manual 11362.06 (3d Ed.1983):
 

 “In addition to the obvious power to ‘terminate’ the stay, [§ 362(d)] also gives the bankruptcy court the power to ‘annul’ the stay. The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an order terminating the stay would be operative only from the date of its entry.”
 

 To similar effect is the advisory committee’s note accompanying former Bankruptcy Rule 601(c), a predecessor to § 362(d), which explains the role of annullment as follows:
 

 “This rule consists with the view that ... an act or proceeding [against property in the bankruptcy court’s custody taken in violation of the automatic stay] is void, but subdivision (c) recognizes that in appropriate cases the court may annul the stay so as to validate action taken during the pendency of the stay.”
 

 Accordingly, we hold that § 362(d) permits bankruptcy courts, in appropriately
 
 limited
 
 circumstances, to grant retroactive relief from the automatic stay.
 

 In this case, unlike the example from Collier quoted above, appellees were aware of Albany Partners’ bankruptcy filing when they conducted the foreclosure sale. Appellant contends that appellees thus acted at their peril, and should not have been granted retroactive relief from the stay. Appellant relies on the case of
 
 In Re Eden Associates, supra,
 
 in which the bankruptcy court dismissed a Chapter 11 petition upon similar facts, but declined to give effect to a foreclosure sale, conducted after the filing of the bankruptcy petition, where the foreclosing party knew of the filing and of the debtor’s claimed interest in the property. 13 B.R. at 585.
 

 We acknowledge that the important congressional policy behind the automatic stay
 
 [9]
 
 demands that courts be especially hesitant to validate acts committed during the pendency of the stay. Even so, we cannot say that the bankruptcy court abused its discretion by granting such relief in this case, particularly in light of the finding that the petition was not filed in good faith. We also find it significant that Albany Partners’ asserted interest in the subject property was previously litigated in appellees’ possessory action against Ocean View, and was rejected by the Dougherty County Superior Court. Apparently no such prior adjudication of interests was present in the
 
 Eden
 
 case. Considering the close relationship between Ocean View and Albany Partners and the fact that Albany Partners chose not to intervene in the prior
 
 *676
 
 action, the bankruptcy court could reasonably hold that appellees were entitled to rely upon the previous judicial determination and to proceed with the foreclosure sale on the assumption that the Ramada Inn was not part of the bankruptcy estate.
 
 [10]
 
 Accordingly, the bankruptcy court did not err in granting relief in the form of an annullment of the stay
 
 ab initio.
 

 The order of the district court affirming the opinion and order of the bankruptcy court is AFFIRMED.
 

 [1]
 

 . In reviewing the record, we find no indication that appellant obtained a stay pending appeal of the bankruptcy court's order annulling the automatic stay or of the district court’s order affirming that order. Because those orders effectively validated appellees’ prior act of conducting the foreclosure sale, a serious question arises whether this appeal should be dismissed as moot.
 
 See In re Sewanee Land, Coal & Cattle, Inc.,
 
 735 F.2d 1294, (11th Cir.1984) (appeal of order setting aside automatic stay dismissed as moot where debtor failed to obtain stay pending appeal with result that property was sold to creditors at foreclosure); Fed.R.Bankr.P. 805 (replaced by new Bankruptcy Rules on August 1, 1983). We shall nevertheless pass over this complex issue, since it was never raised or argued by either party, and since our decision on the merits is that the orders below should be affirmed.
 

 [2]
 

 . After January, 1983, appellees received partial payments of $12,522, the amount appellees still owed each month on a previous mortgage. The $450,000 payment due February 1, 1983 was not made.
 

 [3]
 

 . The purchase price set forth in the deed was $5,400,000. Frank Baldwin, one of the general partners in both Ocean View and Albany Partners, testified that the purpose of the conveyance to Albany Partners was to obtain a stepped-up basis for purposes of depreciation. (Transcript, p. 49).
 

 [4]
 

 . The provision in each of the security deeds stated:
 

 "It is expressly understood, however, that grantor shall be allowed to transfer its interests in and to the premises to Albany Partners, Ltd., a limited partnership under the laws of North Carolina, within six months after the date of execution of this deed without such action constituting a default under the terms hereof, but such transfer shall not relieve grantor of its obligations under the note, hereunder and under any other document of security related hereto."
 

 [5]
 

 . According to the testimony of Frank Baldwin, a general partner in Albany Partners, the debt- or’s net income during 1983 (excluding expenses for insurance and taxes) averaged about $26,000 per month. Subtracting for taxes and insurance, the figure would be considerably lower (ad valorem taxes alone were expected to total $35,000 in 1983). While asserting that if business picked up the debtor might possibly pay $30,000 per month on its debts to appellees, Baldwin admitted that the debtor would then be unable to maintain or make improvements on the property.
 

 [6]
 

 . Although the bankruptcy judge declined to rule that the motel was not property of the bankruptcy estate of Albany Partners because a determination of such issue was unnecessary for resolution of the cases before him, it is obvious that he concluded — without specifically so stating — that the appellees were entitled to assume on May 3, 1983 that the Ramada Inn was not property of the estate.
 

 [7]
 

 .For property to be "necessary to an effective reorganization" of the debtor, within the meaning of § 362(d)(2)(B), it must be demonstrated that an effective reorganization is realistically possible; the mere fact that the property is indispensible to the debtor’s survival is insufficient.
 
 See e.g., In Re Discount Wallpaper Center, Inc.,
 
 19 B.R. 221, 222 (Bankr.M.D.Fla.1982);
 
 In Re Dublin Properties,
 
 12 B.R. 77, 80 (Bankr.E.D.Pa.1981).
 

 [8]
 

 . We agree with the bankruptcy court that under the circumstances of this case, particularly in view of the common underlying principals in Albany Partners and Ocean View, appellees had no duty to seek out and search for the said unrecorded deed by discovery or other procedures in the Dougherty County Superior Court or in the bankruptcy court. Nor were appellees required to seek joinder of Albány Partners in the Superior Court proceedings.
 

 [9]
 

 . "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bank-ruptcy_” H.R.Report No. 595, 95th Cong., 1st Session 340-42 (1977), U.S.Code Cong. & Admin.News 1978, pp. 6296-97.
 

 [10]
 

 . Appellees contend that the decision of the Dougherty County Superior Court should be
 
 res judicata
 
 on the issue of title to the Ramada Inn property. The bankruptcy court felt it unnecessary to address this contention in light of its other holdings. Because we affirm those holdings, we also need not reach this issue.