## In re Robert David BEHR and Myra Creighton Behr, Debtors.

### Bankruptcy No. 86–04025–B.

United States Bankruptcy Court,
D. South Carolina.

May 15, 1987.

Pearce W. Fleming, Kligman & Fleming, Columbia, S.C., for First Wachovia.

Kevin Campbell, Bell, Campbell, Chard & McNeill, Mt. Pleasant, S.C., for debtors.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the motion of a secured creditor, First Wachovia Mortgage Company (Wachovia), for relief from the automatic stay imposed by 11 U.S.C. § 362(a).[1]

---

1. Further references to the Bankruptcy Code will be by section number only.

## FACTS

Robert David Behr and Brian S. Hasseltine are the general partners of Porthammel Partners, a South Carolina General Partnership which owns:

> All that lot piece or parcel of land, with the buildings thereon situate, lying and being in Chicora Place, in the County of Charleston, and State of South Carolina, being known, numbered and designated on the plat of Chicora Place, recorded in Plat Book D, Page 197, in the R.M.C. Office for Charleston County as Lot number Eight (8), in Block D, and having such size, shape, aforesaid plat on record.
>
> This being the identical property conveyed to Porthammel Partners by deed of Frederick C. Wichmann dated February 21, 1986 and recorded in the R.M.C. Office for Charleston County in Deed Book B-152 at Page 315.
>
> T.M.S. Number 469-12-00-296

Wachovia, is the holder of a promissory note secured by a first mortgage upon the above described premises. The note and mortgage were executed and delivered by James W. Rickborn and Marie D. Rickborn to First Wachovia Mortgage Company on January 17, 1986. The debtors have made no payments on the note since April 1, 1986.

On December 12, 1986, the debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. At the time of the filing of the chapter 7 case, a foreclosure proceeding, entitled "First Wachovia Mortgage Company, f/k/a Wachovia Mortgage Company v. Porthammel Partners, a South Carolina General Partnership, consisting of Robert D. Behr and Brian S. Hesseltine, individually and as general partners of Porthammel Partners," was pending in the Court of Common Pleas for Charleston County, South Carolina. In the pending foreclosure proceeding, a decree of foreclosure had been signed on November 26, 1986. Pursuant to the decree, the property was advertised and sold by the Master in Equity for Charleston County on January 5, 1987 to Wachovia which was the only bidder at the sale.

Wachovia had no notice of the debtors' chapter 7 case during the pendency of the foreclosure proceeding.

Requesting relief from the automatic stay pursuant to § 362(d)(1), Wachovia asks that any order modifying the stay be made effective *nunc pro tunc* to December 15, 1986—which would antedate the first advertisement of the judicial sale.[2]

No objection to the relief requested by Wachovia has been filed by the interim trustee, the debtors or the debtors' attorney. No one appeared on behalf of the debtors at the hearing.

## DISCUSSION AND CONCLUSION

### A

■ The debtors have made no payments to the movant on the note since April 1, 1986. The uncontroverted certification of facts submitted by Wachovia indicates that the property is worth $24,800. and that liens encumber the property to the extent of $37,510.30. There being no evidence to the contrary, the court finds that there is no equity in the property for unsecured creditors.

■ The debtors have failed to object to the relief requested by the movant, and they have failed to provide the movant with any assurance of adequate protection. Therefore, the debtors have not met their burden of proving that the secured claim of First Wachovia Mortgage Company is adequately protected. §§ 362(d)(1) and 362(g)(2). Accordingly, the court finds that the movant's request for relief from the stay should be granted.

### B

■ Although Wachovia has requested that the relief from the stay be made retro-

---

2. Section 362(d)(1) states: On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest, ....

active *nunc pro tunc* to December 15, 1986, the appropriate relief appears to be an annulment of the stay.

Section 362(d) gives to the court the power to grant relief from the automatic stay "by terminating, annulling, modifying or conditioning such stay...." In certain circumstances, § 362(d) permits bankruptcy courts to grant retroactive relief from the automatic stay. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984); *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 13 C.B.C.2d 50, 54 (9th Cir.1985). As cited in *In re Albany Partners, Ltd.*, *supra*, 2 *Colliers Bankruptcy Manual* ¶ 362.06 (3rd ed. 1983), states:

> In addition to the obvious power to 'terminate' the stay, [362(d)] also gives the bankruptcy court the power to 'annul' the stay. The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an order terminating the stay would be operative only from the date of its entry.

Wachovia, the only bidder at the judicial sale, had no notice of the debtors' chapter 7 case during the pendency of the foreclosure proceeding. Given these facts, it appears that no useful purpose would be served by requiring the movant to readvertise and to resell the property.

## ORDER

Accordingly, the court grants the relief requested by the movant in the form of an annulment of the stay *ab initio*.

AND IT IS SO ORDERED.