**In re Dale M. JONES, Debtor.**

**Bankruptcy No. B84–00814–Y.**

United States Bankruptcy Court, N.D. Ohio.

April 20, 1988.

Dale M. Jones, Canton, Ohio, Robert O. Lampl, Pittsburgh, Pa., Emmor F. Snyder, Girard, Ohio, for debtor.

Carl D. Rafoth, Youngstown, Ohio, trustee.

Avetis Darvanan, Youngstown, Ohio, for movants.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came on before the Court for consideration upon the Motion of JOHN H. LANGDON and MARJORIE LANGDON, creditors and parties in interest, seeking relief from the automatic stay provisions of 11 U.S.C. Sec. 362. After reviewing the Motion and hearing the representations and argument of counsel, the Court finds:

1. On November 13, 1982, the Debtor entered into an agreement to sell the Movants' real estate, and after the sale a dispute arose concerning the proceeds of sale of the Movants' real estate.

2. On August 5, 1983, the Debtor filed a suit in interpleader in the Court of Common Pleas for Mahoning County,

Ohio, against Movants and other parties not parties in interest to these bankruptcy proceedings.

3. On December 13, 1983, Movants filed an Answer and a Cross–Complaint against Debtor.

4. On August 20, 1984, Debtor filed his Petition for Relief under Title 11, failing or neglecting to list Movants as creditors. Since the date of the filing of the Petition, Debtor has not amended the Schedules to include a claim against the estate by Movants.

5. On March 5, 1985, the interpleader action was set for trial by the Court of Common Pleas without either the state court officials or Movants having knowledge of the filing of Debtor's Petition and Debtor having taken no action to notify the state court or the parties to that state court action of the pendency of the bankruptcy proceeding.

6. Trial was held on or about March 5, 1985, before the state court and after the taking of evidence, judgment was entered against the Debtor. The state court's judgment entry recites that the Debtor failed to appear in that proceeding or to be represented by counsel, although he was afforded notice of the hearing. The judgment entry also recites that the case was heard by the state court on its merits and that no default judgment was entered. The state court entered judgment, finding from the evidence that Debtor had been guilty of fraudulent misrepresentation and fraudulent withholding of funds and granted judgment in the amount of Seven Thousand, Nine Hundred Forty–Five & 63/100 Dollars ($7,945.63) in actual damages, attorney's fees in the sum of Nine Thousand, Six Hundred Twenty & 00/100 Dollars ($9,620.00), and punitive damages in the sum of Fifty Thousand & 00/100 Dollars ($50,000.00). Debtor filed a Motion for Relief from Judgment, and that Motion was overruled by the trial court.

7. Debtor then took an appeal to the state court of appeals on three assignments of error, the first being that the court erred in denying Plaintiff's Motion for Relief from Judgment because Debtor had shown in part of his Motion for Relief from Judgment that the automatic stay of 11 U.S.C. Sec. 362 was in effect at the time of the trial and that no relief from the automatic stay had been obtained in order to proceed with the state court case.

8. The state court of appeals vacated the judgment of the trial court and remanded the case for further proceeding at the expiration of the stay, noting correctly that the trial court's judgment was *voidable.*

9. Although Debtor was represented by counsel at the hearing on the Motion now before the Court, the Debtor took no action to oppose the Motion in writing in a timely fashion, as provided by applicable law.

The state trial court's judgment against Debtor and in favor of Movants was entered on the merits. Debtor, the plaintiff in that case, had written notice and an opportunity to appear and defend that action. The Ohio Court of Appeals correctly noted that the state court judgment, having been rendered while the automatic stay was in effect, is voidable. The question before us now is whether Creditor's Motion for Relief from Stay *nunc pro tunc* should be sustained.

As a matter of policy, United States Bankruptcy Courts should refrain from upsetting otherwise valid state court judgments rendered on the merits. As the Court of Appeals for the Eleventh Circuit noted in *Albany Partners, Ltd. v. Westbrook, et al., (In re Albany Partners, Ltd.),* 749 F.2d 670 (1984), at p. 675, acts taken in violation of the automatic stay are "deemed void and without effect". The Court there noted that Congress in Sec. 362(d) expressly provided "Bankruptcy Courts the option, in fashioning appropriate relief, of 'anulling' the automatic stay." The Court noted further that the purpose

of Congress's providing for the annulment of the automatic stay was to provide a means for granting retroactive effect to relief from the automatic stay. The Eleventh Circuit also noted that the annulment of the automatic stay was appropriate in cases where the parties had proceeded on the merits without knowledge of the pendency of the bankruptcy proceeding and, thus, of the automatic stay. Here, the action taken by the state trial court was in the context of a pre-Petition suit instituted by the Debtor regarding a claim which the Debtor failed or neglected to include in his Schedules and which was, thus, not discharged when the Debtor was granted a discharge in this bankruptcy case. Furthermore, the Debtor had notice and an opportunity to protect his interests in the state trial court by either notifying the court and the parties of the pendency of the bankruptcy proceeding and application of the automatic stay, or alternatively, appearing and defending his interests in that state court proceeding. Finally, the Debtor, having appealed that state court determination and, thus, having knowledge of the existence of a claim against the estate, has failed to amend the bankruptcy filing here to include Movants' claim as a dischargeable obligation.

In view of the Debtor's action and lack of action, this Court concludes that if this bankruptcy case were reopened and the dischargeability of Movants' claim was tried in this Court, we would likely reach the same conclusion reached by the state trial court on the issue of the fraudulent nature of the transaction and the dollar amount due Movants thereon. Because the punitive damage and attorney's fees aspects arise solely in the context of the applicable state law, this Court expresses no position with respect to those issues. Taking the Motion of JOHN H. LANGDON and MARJORIE LANGDON as a motion to annul the automatic stay as to the damage claim arising upon the fraud cause of action in state court, the Motion is sustained. The automatic stay is annulled as to that issue and the state court judgment as to that issue, being avoidable, is hereby determined to be given full force and effect the

same as if it were tried and the state trial court's decision had been rendered after relief from the automatic stay had therebefore been granted by this Court.

IT IS SO ORDERED.