**In re CORAL SPRINGS MEDICAL CENTER ASSOCIATES, LTD., Debtor.**

Bankruptcy No. 88–05225–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

March 15, 1989.

Chad P. Pugatch, Ft. Lauderdale, Fla., for Zita–Leen.

Michael Fienman, Lauderhille, Fla., for debtor.

## ORDER DENYING MOTIONS TO DISMISS AND FOR TRUSTEE

THOMAS C. BRITTON, Chief Judge.

The motions (CP 10, 11) of the debtor's second mortgagee for dismissal on the ground that this was a bad faith filing and, alternatively, that a trustee be appointed were heard February 7. For the reasons which follow, each is denied.

### Dismissal

The debtor's sole asset is a medical office building subject to a first mortgage, which is current, and a second purchase money mortgage (held by the movant), which is about $30,000 in arrears.

A case may be dismissed when:

"it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights...." *In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir. 1984).

It does not appear, at least at this juncture, that this debtor has filed in bad faith.

The first and second mortgages on the debtor's building total about $1.28 million. It is valued at $2 million by the debtor and movant has offered no proof that it is worth less than the liens.

The debtor has agreed to stay relief for movant to proceed with its pending foreclosure action to and including the entry of a final decree. (CP 15). The debtor also

agreed to a deadline and has filed a plan nine weeks after filing its petition. A confirmation hearing on that plan will be held June 6, well before the movant can obtain a foreclosure decree. At confirmation, therefore, this court can determine the confirmability of this debtor's plan *without any delay whatsoever to movant or any other secured creditor.*

The debtor's plan to cure its default with new capital to be provided by its general partners and their affiliates (CP 20 at 5) and to reinstate the mortgage under 11 U.S.C. § 1124(2) will, if performed, leave the movant unimpaired and conclusively presumed to have accepted the plan. § 1126(f).

So long as no creditor is being delayed, I see no reason to deny this debtor its statutory opportunity to cure its default and confirm its plan merely because it *may* fail to implement its plan or the plan may prove legally and fatally vulnerable.

By acting prematurely and unnecessarily now, I run an equal if not greater risk of giving movant a totally unjust windfall.

### *Trustee*

■ A trustee may be appointed if the requirements of § 1104 are met. That has not been the case here.

It is not contended nor does it appear that the affairs of *this* debtor have been dishonestly or incompetently mismanaged either before or since bankruptcy. It is argued that in cases before other judges it has appeared that *other* debtors have been mismanaged by the same persons involved here.[1]

The persons involved have also managed the affairs of at least a half dozen other chapter 11 debtors in cases pending before me, some of which have been successfully concluded. I do not recall any instance of pre- or postpetition mismanagement. The U.S.Trustee and this court, as well as the movant, can and do keep reasonably close tabs on this debtor.

I see no reason at this juncture to saddle it with the expense of a trustee (between 5% and 10% of gross receipts) because of what may have happened in some other cases of which I have no first-hand knowledge.

DONE and ORDERED.

---

1. To be precise, movant has accused the debtor's general partner and management company with *"competence"* which caused substantial losses. (CP 10, ¶ 1). I have assumed that this was an error attributable to the momentary incompetence of counsel's staff and the inattention of the attorney who signed and vouched for the motion. His signature is illegible.