Russell M. Blain, for debtor.

Lawrence A. Gordich, for Balcor Pension Investors V.

**In re WALDENGREEN ASSOCIATES, LTD., Debtor.**

**Bankruptcy No. 91–04499–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 21, 1992.

ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY AND PROHIBITING USE OF CASH COLLATERAL

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration does not involve anything new or unfamiliar. On the contrary, it involves an ever-recurring controversy so common in Chapter 11 cases which involves a debtor, actually a limited partnership with one single asset, as a rule an overly-leveraged apartment house, or at times, a motel, hotel or an R.V. Park, already involved in a foreclosure suit in which the ax is about to fall.

The scenario here is the usual—a challenge by Balcor Pension Investors V (Balcor), the mortgagee, to the Debtor's right to maintain a Chapter 11 case and, of course, enjoy the protection of the automatic stay imposed by § 362 of the Bankruptcy Code, which was triggered by the filing of the voluntary petition initiating this case. However, this case departs from the norm in two respects. First, the Motion to Dismiss this Chapter 11 case for cause, that is, for "bad faith" filing was filed, unlike as is ordinarily done shortly after the commencement of the case, more than one year after the commencement of the case, and second, after the Debtor already filed not only its original Disclosure Statement and Plan of Reorganization, but its Amended Disclosure Statement and Amended Plan of Reorganization. The other unusual feature of this case is that the Motion seeking a dismissal or, in the alternative, relief from the automatic stay was not filed by the senior lienholder on the Debtor's sole asset, but by the second mortgagee, who, as a general rule, is substantially undersecured and who usually has little hope to salvage anything out of its very precarious position in a foreclosure, except possibly in a confirmed Plan of Reorganization. The facts relevant and without dispute and as appear from the record are as follows.

The Debtor is a limited partnership and is the owner of a 275–unit apartment house complex known as Waldengreen Apartments located in Orlando, Florida. The property is encumbered by a first mortgage held by Clevetrust Realty Investors, securing an indebtedness in the approximate amount of $2,000,000.00. This mortgage has been serviced in full since the commencement of this case. Balcor holds the second mortgage on the property, and claims that as of June 26, 1992, the current principal balance on its mortgage is $5,600,-000.00 and accrued interest is $1,939,-000.00. It appears that the ad valorem taxes have been paid and thus, neither the first nor the second mortgage are in jeopardy because of unpaid taxes. It is without dispute that the Debtor is in default on Balcor's second mortgage, that Balcor filed a suit to foreclose its mortgage in the Circuit Court in Orange County, Florida, and sought and obtained an order from the State Court sequestering the rents and requiring the Debtor to deposit the net rents into the registry of the State Court. The Debtor did not comply with the sequestration order entered on March 28, 1991, but instead filed its Petition for Relief in this Court on April 8, 1991, the day before the hearing in the State Court on Balcor's Motion For Contempt And To Appoint A Receiver.

As noted earlier, this is a single asset case. The Debtor has no employees, and never did, and does not conduct any business in the orthodox sense. The unsecured creditors scheduled by the Debtor total $159,226.10, $148,000.00 of which is owed to WDG Partners, an insider of the Debtor. There is hardly any doubt that this is basically a two-party dispute. With a few possible exceptions, the complex has never generated sufficient cash flow to pay all the operating expenses, and to service both mortgages and keep all taxes current. During the year preceding the commencement of this Chapter 11 case, the Debtor paid to entities managing the property, all affiliates of the Debtor, more than $100,-000.00 in management fees.

Based on the foregoing, it is the contention of Balcor that under the well established principles enunciated by a long line of cases including *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984); *In re Little Creek Development*, 779 F.2d 1068 (5th Cir.1986); *In re Phoenix Piccadilly*, 849 F.2d 1393 (11th Cir.1988); and *In re South County Realty, Inc. II*, 69 B.R. 611 (Bankr.M.D.Fla.1987), the record fully supports the inescapable conclusion that there is "cause" to dismiss this Chapter 11 case pursuant to § 1112(b)(1) and (2) as the Petition was filed in bad faith, or as the Debtor is suffering continuing losses and there is an absence of a reasonable likelihood of rehabilitation. In the alternative, Balcor seeks relief from the automatic stay, for lack of adequate protection pursuant to § 362(d)(1) of the Code, or in the alternative, according to Balcor, the Debtor lacks equity in the property and the same is not needed for an effective reorganization relying on § 362(d)(2) of the Bankruptcy Code.

In its defense, the Debtor contends that it had an agreement with Balcor, albeit no formal or binding agreement with Balcor, it was understood that Balcor would accept the first Plan of Reorganization filed by the Debtor. The Debtor concedes that agreement has fallen through, and that it has already filed a Second Amended Disclosure Statement and Second Amended Plan and contends that it is able to overcome Balcor's opposition by resorting to the cramdown provisions of § 1129(b). It is true that the Debtor has filed a Motion based on § 1129(a) to cramdown Balcor's interests under the Second Amended Plan which is scheduled for hearing on August 24, 1992.

Because this case now is in a posture to proceed to confirmation without delay, this Court is satisfied that the Motion should be denied without prejudice, and the Debtor should be given an opportunity to resolve its problem with Balcor through its Motion for Cramdown. In the event that Motion is resolved in favor of the Debtor, it should be given one opportunity to obtain confirmation of its Second Amended Plan. In the event the Debtor is unable to obtain confirmation, the Court will reconsider the Motion presently under consideration and decide whether to dismiss this Chapter 11 case or convert the case to a Chapter 7 liquidation case.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Dismiss, For Relief From Stay And To Prohibit Use of Cash Collateral is denied without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall have only one opportunity to obtain confirmation of its Second Amended Plan, and in the event the Debtor is unable to obtain confirmation, this Court will reconsider the Motion under consideration.

DONE AND ORDERED.