**In re Lenora C. CODY, Debtor.**

**No. 3:03–BK–02887–JAF.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 26, 2003.

---

**7.** The invoices represent AFC Stock Nos. 481, 482, 496, 498, 500, 501, 503, 508, 509, and 510–521.

Michael S. May, for Debtor.

Lori V. Vaughan, Tampa, FL, for South-Trust Mortgage Corporation.

Mamie L. Davis, Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Motion for Relief from Stay filed by South-Trust Mortgage Corporation ("South-Trust"). Both the Trustee and Debtor filed consents to adequate protection. The Court conducted an evidentiary hearing on August 18, 2003. Additionally, the Court independently reviewed Debtor's prior bankruptcy case dockets. Upon the evidence presented at the hearing and the Court's independent review, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On September 21, 1998 Debtor filed her first Chapter 13 bankruptcy petition which was assigned Case No. 98–7790–3F3.[1] (Doc. 1.) The case was filed in the Jacksonville Division of the Middle District of Florida and was assigned to the undersigned. Debtor listed her address as 237 Church Street, Lake Helen, FL 32744.[2] Debtor was represented by Attorney Michael May. On November 17, 1998 South-Trust obtained an adequate protection or-

---

1.  The case was a joint case.

2.  Lake Helen is located in Volusia County.

der. (Doc. 24.) On April 26, 1999 the Court dismissed the case because of the debtors' failure to make interim payments. (Doc. 39.)

On June 7, 1999 Debtor filed her second Chapter 13 bankruptcy petition which was assigned Case No. 99–4240–3F3.[3] (Doc. 1.) That case was also filed in the Jacksonville Division of the Middle District of Florida and was assigned to the undersigned. Debtor listed the same address as the first case and was again represented by Michael May. On October 29, 1999 SouthTrust obtained an adequate protection order. (Doc. 17.) On January 25, 2000 the Court confirmed the debtors' Amended Chapter 13 plan. (Doc. 31.) On June 15, 2000 the Court dismissed the case because of the debtors' failure to make confirmed plan payments. (Doc. 33.)

On June 27, 2000 Debtor filed her third Chapter 13 bankruptcy petition which was assigned Case No. 00–4993–6B3. (Doc. 1.) That case was filed in the Orlando Division of the Middle District of Florida and was assigned to the Honorable Arthur B. Briskman. Debtor listed the same address as the first and second cases and was again represented by Michael May.[4]

The court confirmed the plan on June 12, 2001. (Doc. 43.) On December 17, 2002 the court dismissed the case because of the debtor's failure to make confirmed plan payments. (Doc. 50.) The Order Dismissing Case (the "Order of Dismissal") enjoined Debtor from filing another bankruptcy case for a period of 180 days from the date of the Order. (SouthTrust's Ex. 1.) The Order of Dismissal also provided that "any attempt to invoke the automatic stay provision of 11 U.S.C. Section 362 is hereby annulled until June 16, 2003." *Id.*

On March 24, 2003 Debtor filed her fourth Chapter 13 bankruptcy petition which was assigned Case No. 3:03–bk–02887–JAF. (Doc. 1.) The case was filed in the Jacksonville Division of the Middle District of Florida and was assigned to the undersigned. Debtor listed the same address as the first, second, and third cases and was again represented by Michael May. On July 25, 2003 SouthTrust filed Motion for Relief from Stay. (Doc. 12.) SouthTrust argues that it is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). SouthTrust argues that the filing of the instant petition within 180 days of the Order of Dismissal consti-

---

**3.** The second case was also a joint case.

**4.** Rule 1071–1 of the Local Rules of the Middle District provides in pertinent part:

(b) The District shall be divided into four Divisions to be known as the Jacksonville, Orlando, Tampa and Fort Myers Divisions, as follows:

(1) The Jacksonville Division shall consist of the following counties: Baker, Bradford, Citrus, Clay, Columbia, Duval, Flagler, Hamilton, Marion, Nassau, Putnam, St. Johns, Sumter, Suwannee, Union, and *Volusia* (emphasis added). The place of holding court shall be Jacksonville.

(c) All cases shall be commenced in that Division in which the domicile, residence, principal place of business, or principal assets of the person or entity that is the sub-

ject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of 180 day period than the domicile, residence, principal place of business or principal assets of such person were located in any other Division;

(d) If a case is filed in a Division other than as provided for in paragraph (c) above, the Court, on its own motion or the motion of any interested party, may order that the case be transferred to the Division as provided for in paragraph (c) above.

The Local Rules were the result of extensive effort on the part of the drafting committee and were subject to input by the judges of the Middle District. The judges of the Middle District expect the attorneys who practice in the Middle District to abide by the Local Rules.

tutes bad faith and is cause for relief from the automatic stay.

## CONCLUSIONS OF LAW

■ Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the stay for cause. Good faith is an implicit prerequisite to filing a bankruptcy petition. *In re Albany Partners*, 749 F.2d 670 (11th Cir.1984). A debtor's lack of good faith in filing a bankruptcy petition constitutes cause for lifting the automatic stay. *In re Jacksonville Riverfront Dev.*, 215 B.R. 239, 242 (Bankr. M.D.Fla.1997) (citations omitted).

■ The Full Faith and Credit Doctrine requires a court to accord the same preclusive effect to a judgment as would the rendering court. 18 James Wm. Moore, Et Al., Moore's Federal Practice § 130.02 (3d ed.1997). A judgment must be final, valid, and on the merits in order to be entitled to full faith and credit. *Id.* at § 130.04[1]. A judgment which is conclusive of the proceeding before the court is a final judgment. *Id.* at § 130.04[2]. The Order of Dismissal is a final order. "A valid judgment is one that is not void based on a constitutional infirmity, lack of jurisdiction or power of the rendering court, fraud or some other fundamental reason." *Id.* at 130.04[3]. The Order of Dismissal is a valid order. Finally, ". . . a judgment is on the merits if it is rendered upon consideration of the legal claim as distinguished from consideration of an objection to subject matter jurisdiction, personal jurisdiction, service of process, venue or any other ground that does not go to the legal or factual sufficiency of the claim to relief." *Id.* at § 130.04[4]. The Order of Dismissal is on the merits. Because the Order of Dismissal is final, valid, and on the merits, the Full Faith and Credit doc-

trine requires the Court to accord it the same preclusive effect that Judge Briskman would accord it. The Court finds that the filing of the case was a clear violation of the Order of Dismissal and was in bad faith. The Court will grant SouthTrust relief from the automatic stay for cause.

The Court is concerned with why the Motion for Relief was filed in the first instance. The Order of Dismissal appears to provide that any bankruptcy filing prior to June 16, 2003 would not operate as a stay prior to June 16, 2003. The Court can only assume that SouthTrust did not complete its foreclosure action prior to June 16, 2003 and therefore felt it necessary to obtain an order granting relief from the stay. The Court is troubled by SouthTrust's lack of dispatch. SouthTrust filed its Motion more than four months after Debtor filed the case. At some point, judicial economy, at least one rationale behind the Full Faith and Credit Doctrine, is undermined by a creditor's undue deliberation. In light of the Court's recognition that the Full Faith and Credit Doctrine compels it to accord the same preclusive effect to an order or judgment as would the rendering court, the Court does not anticipate the situation before it to recur. However, in the event that it does, the Court urges an affected creditor to file whatever motion it deems necessary as soon as possible. Such dispatch will serve to conserve the efforts and resources of the debtor, the debtor's attorney (if the debtor is represented), creditors, and the Court. The Court sees no need for all affected parties to go through the motions of a doomed bankruptcy case.

The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.[5]

---

5. On August 18, 2003 the Court entered Order Granting SouthTrust's Mortgage Corpora-

tion's Motion for Relief from Stay. The Court will: 1) enter an order setting aside the Au-

## ORDER GRANTING SOUTHTRUST MORTGAGE CORPORATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY

This case came before the Court upon Motion for Relief from Automatic Stay filed by SouthTrust Mortgage Corporation ("SouthTrust"). The Court conducted an evidentiary hearing on August 18, 2003. In accordance with Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. Motion for Relief from Automatic Stay is granted.

2. The automatic stay imposed by 11 U.S.C. § 362 is lifted as to SouthTrust and it may proceed with the foreclosure of its lien on the following property which has a street address of 237 Church Street, Lake Helen, Florida 32744.

**NW 1/4 OF BLK 92 LAKE HELEN A SUBDIVISION ACCORDING TO MAP OR PLAT THEREOF, RECORDED IN PLAT BOOK 2, PAGE 93, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA**

3. This Order is entered for the sole purpose of allowing SouthTrust to obtain *an in rem* judgment against the property and SouthTrust shall not seek an *in personam* judgment against Debtor.

gust 18, 2003 Order and 2) enter a separate order consistent with these Findings of Fact and Conclusions of Law.