[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-12246
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2004
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 03-80076-CV-KLR
and 02-33876 BKC-SH


IN RE:                    STATE STREET HOUSES, INC.,

                          Debtor,

_____

STATE STREET HOUSES, INC.,

                          Plaintiff-Appellant.

versus

NEW YORK STATE URBAN DEVELOPMENT CORP.,
LARRY SUTTON, STATE STREET ASSOCIATES, LP.,

                          Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 15, 2004)

Before ANDERSON, WILSON and RONEY, Circuit Judges.

PER CURIAM:

State Street Houses, Inc. ("State Street") appeals a Southern District of Florida order affirming a decision of the bankruptcy court dismissing a Chapter 11 petition as having been filed in bad faith. The facts and rationale for the district court's decision are fully set forth in its order. We affirm for the reasons therein set forth.

The only point that needs comment is an argument that two cases previously decided by this Court are not controlling because they have been modified by subsequent legislation.

State Street, the debtor, is a New York Corporation and legal title holder of Kennedy Plaza Apartments in Utica, New York, which is mortgaged to the appellees. The district court held that the bankruptcy court correctly determined that the evidence established the factors set forth for a bad faith filing in *In Re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988): (1) the debtor has only one asset, the property at issue; (2) the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditors; (3) the debtor has few employees; (4) the property is subject to a foreclosure action as a result of arrearages on the debt; (5) the debtor's financial problems essentially are a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and (6) the

2

timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. 849 F.2d at 1394-95. *See also In Re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984). We find no error in the district court's decision. While the factors set forth in *Phoenix Piccadilly* are non-exhaustive and not to be rigidly applied, the district court did not err in following the guidelines set forth in *Phoenix Piccadilly* and *Albany Partners*.

State Street argues, however, that the bad faith standard established in *Phoenix Piccadilly* and *Albany Partners* has been legislatively overruled by the Bankruptcy Reform Act of 1994, which revised Sections 101 and 362(d) of the Bankruptcy Code regarding single asset real estate cases. State Street finds support for this argument in a few cases from the Bankruptcy Court of the Middle District of Florida. *In Re Jacksonville Riverfront Development, Ltd.*, 215 B.R. 239, 243 (Bankr. M.D. Fla. 1997) ("The application of the *Phoenix Piccadilly* factors to the case at hand would no doubt justify a finding of bad faith filing. The Court finds, however, that the law of *Phoenix Piccadilly* is no longer applicable in light of the Bankruptcy Reform Act of 1994, Pub. L. No 103-294."). A later case cited with approval the following quote from *In Re Jacksonville*, "The application of the Phoenix Piccadilly factors to a single asset real estate case produces a result that directly conflicts with Congressional intent." *In Re Villamont-Oxford Associates Limited Partnership*, 230 B.R. 457, 463 (Bankr. M.D.

3

Fla. 1998). But in a later decision from the same court, faced with the argument that "the considerations in *Phoenix Piccadilly* are no longer applicable to assist in the determination," the court held that "[a] review of the development of 'bad faith' as cause for dismissal leads quickly to the conclusion that § 362(d)(3) does not preempt this body of law." *In Re Star Trust*, 237 B.R. 827, 833 (Bankr. M.D. Fla. 1999). The *Star Trust* case cited the throughly reasoned case of *In Re Midway Inv., Ltd.*, 187 B.R. 382, 388 (Bankr. S.D. Fla. 1995) (concluding that "the Bankruptcy Reform Act of 1994 does not limit the *Phoenix Piccadilly* line of cases" in single asset cases).

In our judgment, the district court properly followed the line of cases holding that the *Phoenix Piccadilly* factors are appropriate guidelines for consideration when evaluating whether a Chapter 11 petition in a single asset real estate case was filed in bad faith. We therefore, in order to settle the dispute found in prior bankruptcy court cases, hold that the guidelines set forth by this Court in *In Re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988) and *In Re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984) have not been modified by the Bankruptcy Reform Act of 1994.

The other argument made by appellants that the "Bankruptcy Court's factual findings, upon which it based its finding that Appellant's Chapter 11 case should be dismissed, were clearly erroneous, in that they purported to resolve disputed factual

issues on the basis of disputed affidavits" is due to be rejected without discussion under our Rule 36-1. *See* 11th Cir. R. 36-1.

AFFIRMED.