[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12220
Non-Argument Calendar

_____

D. C. Docket No. 07-00361-CV-FTM-29
BKCY No. 03-BK-23684-ALP

In Re: KEVIN ADELL,

Debtor.

_____

JOHN RICHARDS HOMES BUILDING COMPANY, L.L.C.,

Plaintiff-Appellant,

versus

KEVIN ADELL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 17, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

John Richards Homes Building Company, L.L.C. ("JRH") appeals a district court decision affirming a bankruptcy court order denying JRH sanctions against Kevin Adell. *See John Richards Homes Bldg. Co., L.L.C. v. Kevin Adell (In re Kevin Adell)*, No. 2:07-cv-361-FTM-29SPC, 2008 U.S. Dist. LEXIS 22097 (M.D. Fla. Mar. 18, 2008). This case involves an extended litigation between JRH and Adell. In essence, Adell sued JRH over a construction contract dispute in Michigan state court. Adell then commenced involuntary bankruptcy proceedings against JRH under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Michigan. 11 U.S.C. § 701 *et seq.* The bankruptcy court dismissed the involuntary case, and JRH commenced proceedings in the Michigan bankruptcy court, alleging bad faith in the filing of an involuntary case, under 11 U.S.C. § 303(i). On April 25, 2003, JRH obtained a judgment against Adell in the amount of $6,413,230.68, comprised of $4,100,000 in compensatory damages, $2,000,000 in punitive damages, and $313,230.68 in attorney's fees.

Adell then moved to Florida, where he filed for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Florida. 11 U.S.C. § 1101 *et seq.* JRH moved to dismiss Adell's Chapter 11 case, alleging that the petition was filed in bad faith. The bankruptcy court denied the

2

motion, but the district court reversed and remanded. Adell promptly converted his reorganization case to a liquidation and submitted his assets to a Chapter 7 trustee. 11 U.S.C. § 701 *et seq*. The conversion order was entered on May 17, 2005, and a Chapter 7 trustee was appointed to liquidate Adell's assets. Adell paid the April 25, 2003 sanctions judgment obtained by JRH in full, plus interest, on April 3, 2006.

Subsequently, JRH again moved for sanctions under 11 U.S.C. § 303(i), alleging that Adell's Chapter 11 case and later Chapter 7 case were filed in bad faith, constituting an abuse of the judicial process, and that JRH was entitled to sanctions. The bankruptcy court declined to impose sanctions, and the district court affirmed. JRH now appeals the district court's decision, arguing that both the bankruptcy court and the district court abused their discretion by refusing to impose further sanctions against Adell.

We review a bankruptcy court's ruling with respect to a request for sanctions under 11 U.S.C. § 105(a) for an abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 111 S. Ct. 2123, 2139, 115 L. Ed. 2d 27 (1991); *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984). A bankruptcy court "abuses its discretion when it misconstrues its proper role, ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual

support." *Arlook v. S. Lichtenberg & Co.*, 952 F.2d 367, 374 (11th Cir. 1992). This Court will affirm unless it finds that the lower court "has made a clear error of judgment, or has applied the wrong legal standard." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2006) (quotations and citations omitted). "Short of that, an abuse of discretion standard recognizes there is a range of choices within which we will not reverse the district court even if we might have reached a different decision." *Siebert v. Allen*, 506 F.3d 1047, 1049 n.2 (11th Cir. 2007) (quotations and citations omitted).

Under Section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The bankruptcy court has the "inherent power to impose sanctions" under appropriate circumstances. *Chambers*, 501 U.S. at 46, 111 S. Ct. at 2134. However, the bankruptcy court is not required to do so. Section 105(a) is, on its face, a discretionary tool for the courts. JRH is incorrect as a matter of law to argue that the bankruptcy court must award sanctions, when the plain language of the statute provides solely that the court "*may* issue any . . . judgment . . . ." 11 U.S.C. § 105(a) (emphasis added). JRH has not cited any precedent that supports its claim that the bankruptcy court must impose sanctions. Rather, JRH has misrepresented the holdings in numerous

4

cases by stating that various courts held that a finding of bad faith requires the imposition of sanctions, when the courts merely held that a finding of bad faith *permits* the imposition of sanctions.

Given the discretionary nature of sanctions, we are satisfied by the bankruptcy court's decision that "Adell attempted to pursue a legitimate goal within the utmost of his ability and, therefore, to impose a sanction would be a double punishment in addition to the $2 million judgment imposed by the Michigan Bankruptcy Court." Order on Motion for Reconsideration or Rehearing on Order Denying Amended Motion to Impose Sanctions (Bankr. Doc. # 888) at 10. The bankruptcy court's power to sanction "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44, 111 S. Ct. at 2132. The bankruptcy court exercised that restraint appropriately here.

Furthermore, the district court did not abuse its discretion by affirming the bankruptcy court. We agree with the district court that "Judge Paskay clearly recognized his power and authority to impose sanctions and that such a decision was a matter of discretion. Judge Paskay thus followed the correct legal standards." *In re Kevin Adell*, 2008 U.S. Dist. LEXIS 22097, at *4 (citations omitted). Judge Paskay has not made any clear error of judgment. Indeed, both the bankruptcy court and the district court were well within the bounds of their

authority.

## **CONCLUSION**

Upon review of the parties' briefs and the record, we discern no reversible error. Accordingly, we affirm the opinion of the district court.

**AFFIRMED.**