**In re L' PUENTE LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 89–13311–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Sept. 20, 1989.

Harold D. Moorefield, Jr., Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, Fla., for Miami Savings Bank.

Joel L. Tabas, Joel L. Tabas, P.A., Miami, Fla., for debtor.

## ORDER DISMISSING BANKRUPTCY CASE

SIDNEY M. WEAVER, Bankruptcy Judge.

Miami Savings Bank ("MSB") moved to dismiss the above styled bankruptcy case as a "bad faith" filing under 11 U.S.C. § 1112(b) and for other relief. Hearings were conducted before the Court on MSB's motion on August 25, September 7, and September 12, 1989. For the reasons stated below, the Court hereby grants MSB's motion to dismiss the Debtor's bankruptcy case.

The facts upon which the Court relies in making its decision are not in dispute. In October, 1988, MSB instituted foreclosure proceedings in state court to foreclose a first mortgage lien on certain real property owned by the Debtor which is the site of a shopping center called the Royal Palm Shopping Center located in Hialeah Gardens, Dade County, Florida ("Shopping Center"). The Shopping Center is the Debtor's sole asset.

The Debtor did not defend the foreclosure action and on May 9, 1989 MSB obtained a final Summary Judgment of Foreclosure in the amount of $3,619,188.83.

The foreclosure sale of the Shopping Center was scheduled for July 5, 1989, however, the Debtor filed its voluntary bankruptcy petition with this Court on July 3, 1989 at 3:49 p.m., the business day prior to the scheduled foreclosure sale.

On August 24, 1989, the day before the first hearing on MSB's motion to dismiss the Debtor's bankruptcy case, the Debtor filed an equitable subordination complaint under 11 U.S.C. § 510 against MSB.

At the August 25, 1989 hearing the Debtor admitted it could not rehabilitate the Shopping Center from its own resources and intended to sell the Shopping Center. Although inclined to dismiss the Debtor's case at that point, the Court entered an Order providing the Debtor until September 7, 1989 to secure ... "a written, executed, binding and bona fide contract for the purchase of the shopping center accompanied by a good faith deposit ..." before ruling on MSB's dismissal motion. (*See*, this Court's Order to Show Cause Why Case Should Not be Dismissed and Continuing Hearing on Miami Savings Bank's Motion to Abstain and Dismiss Bankruptcy Case or, in the Alternative, for Relief from Automatic Stay or for Adequate Protection dated August 25, 1989.)

At the September 7, 1989 hearing, the Debtor presented to the Court a contract for the purchase of the Shopping Center for $3.4 million, which contract had not been executed by the Debtor, required only a $10,000 deposit, had a closing period in excess of ninety (90) days and contained other terms to which MSB objected. Find-

ing these terms of the proposed contract unacceptable, the Court gave the Debtor another opportunity, until September 12, 1989, to secure a contract for the sale of the Shopping Center accompanied by a deposit of $100,000 and having a closing period not exceeding 90 days. The Court again continued the hearing on MSB's dismissal motion. (*See,* Order Re–Setting Hearing on Order to Show Cause, Debtor's Motion for Authority to Use Cash Collateral, and Miami Savings Bank's Motion to Dismiss dated September 8, 1989).

At the hearing on September 12, 1989, the Debtor did not comply with this Court's prior Orders in that while the Debtor was able to secure a contract for the sale of the Shopping Center, it was not accompanied by the required $100,000 deposit. The proposed purchaser did not appear before the Court at any of the hearings discussed above.

A review of the Debtor's bankruptcy schedules indicate that, in addition to MSB's mortgage foreclosure judgment, the Shopping Center is encumbered by unpaid real estate taxes in an amount in excess of $190,000 and by a second mortgage in favor of Southeast Bank in an amount exceeding $200,000. The Debtor's remaining unsecured creditors' claims are small in comparison to the mortgage indebtedness.

Having provided the Debtor two opportunities to secure a binding contract upon reasonable terms for the sale of the Shopping Center and the Debtor having failed to comply with this Court's Orders in that regard, the Court concludes that the Debtor has no realistic possibility of an effective reorganization and that its bankruptcy case should be dismissed as being filed with a lack of good faith under the doctrines established by the Eleventh Circuit Court of Appeals and this Court in *In re Albany Partners,* 749 F.2d 670 (11th Cir.1984); *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988); *In re Mildevco,* 40 B.R. 191 (Bkrtcy.S.D.Fla.1984). Many of the factors which have led this Court to dismiss bankruptcy cases for being filed with a lack of "good faith" are present here. The Shopping Center is the Debtor's only asset; the Debtor has few unsecured creditors whose claims are small in relation to the claims of secured creditors, the Shopping Center is the subject of a foreclosure action as a result of arrearages on the debt; the Debtor's financial problems involve essentially a dispute between the Debtor and the secured creditors which can or should be resolved in the pending state court action and the timing of the Debtor's filing of both its bankruptcy case and its equitable subordination complaint evidences an intent to delay or frustrate the legitimate effort of MSB to enforce its rights. *See, Phoenix Piccadilly, supra* at p. 1394. Moreover, it is clear from the purchase price for the Shopping Center set forth in the contract for its sale presented to the Court by the Debtor that the Debtor has no equity in the Shopping Center.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED as follows:

1. MSB's Motion to Dismiss the Debtor's bankruptcy case be and the same is hereby granted and the Debtor's bankruptcy case be and the same is hereby dismissed with prejudice against the Debtor filing any other bankruptcy case under any other chapter of the Bankruptcy Code for a period of one (1) year;

2. MSB may schedule a foreclosure sale of the Shopping Center in the state court foreclosure proceedings, but the foreclosure sale itself shall not be conducted prior to December 11, 1989;

3. All other pending motions, including the Debtor's Motion for Authority to Use Cash Collateral, be and the same are hereby denied as moot;

4. In light of the dismissal of the Debtor's bankruptcy case, a separate Order of Dismissal will be entered by the Court in the Debtor's pending equitable subordination adversary proceeding; and

5. The Debtor is ordered to pay to the United States Trustee all accrued U.S. Trustee fees.

DONE AND ORDERED.