**In re PHOENIX LAND CORPORATION, Debtor.**

Bankruptcy No. 93–12538–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Nov. 5, 1993.

Irving Wolff, Kelley Drye & Warren, Miami, FL, for Hattie B. Hinds and E. Eugene

Price, Personal Representatives of the Estate of Ernest Price, Deceased.

Charles Neustein, Neustein & Neustein, P.A., Miami Beach, FL, for debtor Phoenix Land Corp.

Office of the U.S. Trustee, Robert A. Angueira, Asst. U.S. Trustee, Miami, FL.

### ORDER OF DISMISSAL WITH PREJUDICE

A. JAY CRISTOL, Chief Judge.

The Debtor, Phoenix Land Corporation commenced these Voluntary Chapter 11 Proceedings on June 29, 1993 at 4:30 P.M. after the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida (Florida State Court) entered a Final Summary Judgment of Foreclosure of unimproved real estate, the single asset owned by the Debtor at the time of the commencement of these proceedings. The Summary Final Judgment Determined that the Debtor was indebted to Hattie B. Hinds and E. Eugene Price, [ (Personal Representative of the Estate of Ernest Price, Deceased), hereinafter "Secured Creditors"], in the sum of $1,175,-060.60 exclusive of attorneys fees. The Summary Final Judgment was to bear interest at 12% per annum, and a sale of the collateralized unimproved property was scheduled for 11:00 A.M. on June 30, 1993.

On June 24, 1993, the State Court denied a rehearing of its Final Summary Judgment. The Debtor, subsequent to the commencement of these proceedings did on July 1, 1993 file its Notice of Appeal addressed to the State Court's Summary Final Judgment.

■ At a time when no Disclosure Statement or Plan of Reorganization had been filed in these Voluntary Chapter 11 Proceedings, the Secured Creditors filed an omnibus motion seeking the dismissal of these proceedings alleging that they were not filed in good faith. This pleading sought relief from stay, the granting of adequate protection and sanctions against the Debtor, its principals and the attorney for the Debtor in accordance with the provisions under Bankruptcy Rule 9011.

The Secured Creditors' omnibus motion was brought on for hearing before the Court on October 5, 1993. During the hearing, the Secured Creditors produced an Appraisal and an Appraiser that was prepared to testify the unimproved real estate of the Debtor had a market value of $810,000 as of August 20, 1993.

The Debtor claimed that it had an equity in the property since the value of the property was at least $1,500,000.

The record reveals that the Debtors, from the time they acquired the property from the Secured Creditors Mortgagees had never paid real estate taxes levied on said property, did not pay any interest on the indebtedness, and that the entire indebtedness including interest and unpaid taxes was due and payable approximately eighteen (18) months prior to the commencement of these proceedings.

On October 7, 1993, the Court entered an order continuing the October 5, 1993 hearing to October 27, 1993 and ordered the Debtor to file a Disclosure Statement and a Plan of Reorganization by 5:00 P.M., October 25, 1993.

The interim Order granted the Secured Creditors' Motion for partial relief from stay and permitted counsel for said Creditors to obtain a Mortgage Foreclosure Sale Date subsequent to October 25, 1993.

The Court afforded the Debtor an opportunity to obtain an appraisal of the real estate to substantiate its contention that the property involved had a minimum value of at least $1,500,000. Had the Debtor obtained an appraisal, the Court would have conducted an evaluation hearing on October 27, 1993.

Finally, the Court reserved jurisdiction over the subject matter and the parties to consider the Secured Creditors' motion for Bankruptcy Rule 9011 sanctions for stopping the State Court sale.

The Debtors failed to file a Disclosure Statement and a Plan of Reorganization before the date set by the Court, failed to produce a real estate appraisal of the property which would have put in issue the Debtor's contention that the property had a value of more than $810,000

The Debtor's schedules reveal that most of its unsecured debt is owed to Insiders with the exception of $12,310.03.

From the record, the Court is convinced that the Debtor filed these Voluntary Chapter 11 Proceedings in bad faith and for the sole purpose of delaying and thwarting the Secured Creditors from obtaining the relief they acquired from the State Court. The Debtors have no realistic means available to reorganize this single asset case.

 In accordance with the prevailing law in the Eleventh Circuit [*Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir.1988); See also *Albany Partners*, 749 F.2d 670 (11th Cir. 1984)]. This Court may consider any factor which evidences a Debtor's intent to abuse the judicial process, particularly where said factor evidences that a Voluntary Petition was filed to delay or frustrate the legitimate efforts of the Secured Creditors to enforce their rights. [*In re Phoenix Piccadilly, Ltd.*, supra at 1394; see also *In re Panache Development Company*, 123 B.R. 929 (Bkrtcy. S.D.Fla.1991) and cases relied upon therein].

The foregoing shall constitute Findings of Fact and Conclusions of Law, and it is therefore

ORDERED

1. That the Voluntary Petition filed in this case was not filed in good faith and the same is hereby dismissed with prejudice and the Debtors are precluded from re-filing a voluntary petition seeking relief under Title 11 of the United States Bankruptcy Code for a period of one year from the effective date of this Order.

2. The Court reserves jurisdiction to assess sanctions in accordance with Bankruptcy Rule 9011 against the Debtors, its officers and directors, R.C. Eichenberger and Ronald D. Yanks, and its attorney Charles Neustein.

3. In accordance with Bankruptcy Rule 9014, the Secured Creditors shall file their motion seeking sanctions against the Debtor, its officers, directors and attorney, the respondents shall reply to said motion within ten days after service. At a duly scheduled hearing, the Court will determine if any sanc-

tions in favor of the Secured Creditors shall be awarded.

DONE AND ORDERED.