In re PHOENIX LAND CORPORATION, Debtor.

**Bankruptcy No. 93–12538–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Jan. 10, 1994.

Irving Wolff, Kelley Drye & Warren, Miami, FL, for Hattie B. Hinds and E. Eugene Price, Personal Representatives of the Estate of Ernest Price, Deceased.

Charles Neustein, Neustein & Neustein, P.A., Miami Beach, FL, for debtor Phoenix Land Corp.

Office of the U.S. Trustee, Robert A. Angueira, Asst. U.S. Trustee, Miami, FL.

### ORDER GRANTING SECURED CREDITORS' MOTION FOR RULE 9011 SANCTIONS

A. JAY CRISTOL, Chief Judge.

This Order grants HATTIE B. HINDS and E. EUGENE PRICE, Personal Representative of the ESTATE OF ERNEST PRICE, Deceased, (hereinafter "Secured Creditors") Motion for Rule 9011 Sanctions against Phoenix Land Corporation, R.C. Eichenberger, its Vice President and Charles Neustein, its attorney, jointly and severally.

In entering this Order the Court considered the Schedules and the Statement of Affairs filed by the Chapter 11 Debtor, and the entire record of the proceedings, the response filed to the Secured Creditors Motion for Sanctions and the oral representations made by counsel for the Debtor in open Court during the hearing on the matter held by this Court on December 21, 1993.

The foregoing contains the following facts which this Court relied upon in granting the relief sought.

1. These Voluntary Chapter 11 Proceedings were commenced by the Debtor on June 29, 1993 at 4:30 P.M.

2. The Debtor's only asset is an undeveloped parcel of real estate situated and located in Dade county, Florida.

3. The real estate had been pledged to secure a loan owed to the Secured Creditors in the amount of $799,500.

4. Said loan was entered into on October 28, 1988 and was evidenced by a non-recourse promissory note and a mortgage securing the pledge.

5. In addition to the periodic payments of interest, the Note required the Debtor to pay ad valorem real estate taxes annually. The principal of the note was due and payable in full, on or before October 27, 1989.

6. In 1991, when the Debtor was in default of the provisions of the Note and Mortgage the Secured Creditors filed a Mortgage Foreclosure proceeding in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Case No. 91–48741 (State Court). The Debtor defended the foreclosure action.

7. The State Court entered a Summary Judgment on June 1, 1993 foreclosing the lien on the property and directed that a sale be conducted on June 30, 1993.

8. The total amount of the judgment entered by the State was $1,175,060.60 which included:

| | | |
|---|---|---|
| (a) | principal indebtedness of | $799,599.00 |
| (b) | Interest, December 28, 1989 to June 1, 1993 of | $245,854.90 |
| (c) | reimbursement for payment of outstanding ad valorem taxes for the years 1988, 1989 and 1990 paid by the Secured Creditors | $ 77,817.02 |
| (d) | interest on the 1988, 1989 and 1990 unpaid taxes at 8% per annum in accordance with the terms of the Note and Mortgage from September 24, 1992 to June 1, 1993 | $ 10,812.00 |
| (e) | outstanding ad valorem property taxes for 1991, 1992 through March 19, 1993 | $ 45,076.74 |

The State Court reserved jurisdiction to award attorneys fees for the Mortgagees' attorneys.

9. The Debtor filed a Motion for Rehearing, which the State Court denied on June 24, 1993. As previously noted, these Voluntary Chapter 11 Proceedings were commenced on June 29, 1993, on the eve of the date set for the State Court Foreclosure Sale.

10. The Debtor's schedules and the record reflect that the Debtor owed very little to unsecured, non-priority, non-insider creditors.

11. On October 7, 1993, this Court entered its order granting the Secured Creditors Interim Relief on their Motion to Dismiss (allowed the Secured Creditors to obtain a new State Court sale date). Annexed hereto and incorporated herein, as Exhibit "A", is a copy of said Order.

12. The Appraisal of the value of the unimproved real estate involved submitted by the Secured Creditors establishes a value of the property to be $810,000 as of August 20, 1993. Therefore the lien held by the Secured Creditors is undersecured in relation to the debt owe.

13. The Debtor did not comply with this Court's Order of October 7, 1993 wherein the Court reserved jurisdiction to award sanctions in connection with the delay of the State Court Mortgage Foreclosure sale.

14. Finally, on November 5, 1993, the Court dismissed these proceedings with prejudice but reserved jurisdiction in connection with conducting a hearing on the Secured Creditors' Motion seeking Sanctions against the Debtor, its officers and attorneys. Attached hereto and made a part hereto as Exhibit "B", is a copy of the November 5, 1993 Order.*

15. The Secured Creditors in accordance with this Court's Order (Exhibit "B") filed their application to impose sanctions to be assessed against the Debtor, R.C. Eichenberger and Charles Neustein jointly and severally.

16. The Orders of October 7, 1993 and November 5, 1993 were not appealed and therefore they establish the law of the Case.

17. The Debtor filed a response to said application and on December 22, 1993 the Court conducted a hearing on the application and the Response.

18. The Response filed by the Respondents as well as the argument and testimony offered during the hearing conclusively establish that these voluntary Chapter 11 Proceedings were instituted to delay the State Court Foreclosure Sale at the expense of the Secured Creditors.

19. The Court cannot accept what the Respondents felt and what they truly believed, but Reorganization is something that is allowed at the Debtor's risk and the Debtor's expense, not the Secured Creditors' risk and the Secured Creditors' expense.

20. At a time when the stay had been lifted and the case had been dismissed as a bad faith filing and the time to appeal had expired, the Debtor and its representatives attempted to make an offer to acquire the real estate involved at a price which was $275,000 below the amount of the Judgment without even considering the loss of interest suffered by the Secured Creditors and the five years of real estate taxes which were charged to the Secured Creditors.

21. The argument and the evidence presented by the Respondents at the hearing conclusively establish that this case is governed by the doctrine of *Phoenix Piccadilly* and analogous cases. See *Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988) in accord with *Albany Partners,* 749 F.2d 670 (11th Cir.1984). See also *In re Humble Place Joint Venture,* 936 F.2d 814, 818 (5th Cir.1991); *In re Carco Partnership,* 113 B.R. 735 (Bkrtcy.M.D.Fla.1990); *In re McCormick Road Associates,* 127 B.R. 410 (Bkrtcy.N.D.Ill.1991).

22. The evidence reflects that the Secured Creditors suffered the following damages as a result of the postponement of the State Court June 30, 1993 Sale:

| | | |
|---|---|---|
| (a) | Attorneys Fees | $18,056.00 |
| (b) | Appraisal Fee | $ 3,000.00 |
| (c) | Appearance | $ 150.00 |
| (d) | Re-advertizing the State Court Sale | $ 179.00 |
| (e) | Lost interest (12% per annum, in accordance with the State Court Judgment) from 7/12 through 12/31/93—172 days @ $270/day* | $46,440.00 |

\* Interest is computed on a principal amount of $810,000 which represents the value of the real estate.

* Editor's Note: Exhibit B is separately published at 164 B.R. 174.

The foregoing shall serve as Findings of Fact and Conclusions of Law.

A judgment against the three Respondents jointly and severally shall be entered separately in accordance with the applicable rules in the amount of $67,825.10. The said judgment shall provide that for the purposes of these Chapter 11 proceedings a per diem charge of interest in the amount of $270 commencing with January 1, 1994 on the principal sum of $810,000 (value of the real estate in these Chapter 11 Proceedings, supra) until it is paid and discharged.

DONE AND ORDERED.

### EXHIBIT A

### Oct. 8, 1993

### *ORDER GRANTING SECURED CREDITORS INTERIM RELIEF ON MOTION TO DISMISS*

HATTIE B. HINDS and E. EUGENE PRICE (Personal Representative of the Estate of Ernest Price, Deceased), hereinafter "Secured Creditors", jointly and severally moved this Court to dismiss these voluntary Chapter Proceedings on the grounds that the same were not filed in good faith. The Motion also sought relief from stay, adequate protection, reduction of the Exclusivity Period within which the Debtor is required to file a Plan of Reorganization and Disclosure Statement and Rule 9011 sanctions. Bankruptcy Rule 9011.

The Court entertained argument on the said Motion on October 5, 1993 and makes the following findings:

1. The Debtor's estate is comprised of a single asset constituting unimproved real estate situated and located in Dade County, Florida.

2. The said real estate is pledged to the Secured Creditors for the repayment of a note in the principal amount of $799,500

3. On June 1, 1993, the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida entered a Final Summary Judgment of Foreclosure in favor of the Secured Creditors in an amount of $1,175,060.60 exclusive of attorneys fees. The Judgment is subject to an interest charge of 12% per annum. The sale of the property was scheduled for 11:00 A.M., on June 30, 1993.

4. A Motion for Rehearing in the State Court Foreclosure Suit was filed by the Debtor and denied on June 24, 1993.

5. On June 29, 1993, at 4:30 P.M. the Debtor filed its petition commencing these voluntary Chapter 11 Proceedings.

6. After the commencement of these proceedings the Debtor filed a Notice of Appeal in the State Court Mortgage Foreclosure seeking to review the State Court Summary Judgment of Foreclosure.

7. The Schedules reveal that the unsecured priority claims held by third parties other than insiders of the Debtor (five in number) are owed $12,310.00. The remaining unsecured debt is owed to Insiders.

8. The Secured Creditors claim that the unimproved real estate is valued at $810,000 as of August 20, 1993, to support that position, they produced an appraisal during the hearing. The Debtor claims the property is worth $1,500,000, but has no appraisal to support said contention.

9. The Debtor's Exclusivity Period within which to file a Plan of Reorganization and a Disclosure Statement will expire in approximately twenty-two days, to wit: October 27, 1993.

10. The Court has taken judicial notice of the Debtor's schedules and the conflict therein.

11. The Court has further considered the prevailing law in the Eleventh Circuit, as set forth in *Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir.1988); *Albany Partners*, 749 F.2d 670 (11th Cir.1984) and it appears that the facts and the law support the Secured Creditors' position.

12. However, the Court, in keeping with the Congressional intent of a "fresh start" and affording Debtors an opportunity to reorganize and being fully advised in the premises, it is

### ORDERED AND ADJUDGED

1. That the Debtor on or before October 25, 1993 at 5:00 P.M., shall file its Plan of

Reorganization and a Disclosure Statement and serve a copy thereof on the attorney for the Secured Creditors.

2. If upon receipt of a copy of the filed Plan the Secured Creditors or their attorney deems the same not confirmable in accordance with the Bankruptcy Code, or not filed in good faith, the Court, upon an emergency basis, will set a hearing on the matters raised by the Secured Creditors' Motion to Dismiss the Voluntary Petition for not having been filed in good faith, including but not limited to granting the Secured Creditors adequate protection,

3. If the Debtor files an appraisal of the real estate involved, it shall forthwith serve a copy of said appraisal on counsel for the Secured Creditors and if said appraisal disputes the appraisal of Budny & Heath dated August 20, 1993, a copy of which has been served upon the Debtor's attorney, then this Court shall have an evaluation hearing on the 27th day of October, 1993 at 10:45 a.m., at the United States Bankruptcy Court, Courtroom 1410, 51 S.W. First Avenue, Miami, Florida.

4. The automatic stay provided for in 11 U.S.C. § 362 is modified to permit the Secured Creditors and their counsel to obtain a sales date in the Foreclosure Proceedings provided said sale is not held on or before October 25, 1993.

5. The Court shall retain jurisdiction over the subject matter and the parties to enter such orders as it deems just and proper, including but not limited to considering the Secured Creditors' Motion for Rule 9011 sanctions or stopping the sale.

DONE AND ORDERED.

/s/ A.J. Cristol

A.J. CRISTOL
Chief Judge, U.S. Bankruptcy Court