[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 2, 2003
THOMAS K. KAHN
CLERK

No. 00-12295

D.C. Docket No. 99-00732 CV ASG

In Re:

THE BAL HARBOUR CLUB, INC.,

                                                             Debtor.

THE BAL HARBOUR CLUB, INC.,

                                                             Plaintiff-Appellant,

    versus

AVA DEVELOPMENT, INC.,
AVA ACQUISITION CORPORATION,
BHC ACQUISITION CORPORATION,

                                                             Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(January 2, 2003)**

Before TJOFLAT, DUBINA and MESKILL*, Circuit Judges.

_____
*Honorable Thomas J. Meskill, United States Circuit Judge for the Second Circuit, sitting by
designation.

TJOFLAT, Circuit Judge:

In this case, the bankruptcy court dismissed the debtor's Chapter 11 bankruptcy case for cause, pursuant to 11 U.S.C. § 1112(b), concluding that the debtor, in commencing the Chapter 11 proceeding, had abused the bankruptcy process. The district court affirmed on appeal, concluding that the bankruptcy court committed no error in its application of section 1112(b) to the facts before it. The debtor now appeals, contending that the bankruptcy court (and therefore the district court on appeal) failed to afford its decision the benefit of "the business judgment rule" in concluding that its filing of the Chapter 11 case abused the bankruptcy process. We find no error, and accordingly affirm.

I.

The debtor, the Bal Harbour Club, Inc. (the "Club"), is a not-for-profit Florida corporation that owns and operates a private social and yacht club in Bal Harbour, Florida. In 1993, the Club's Board of Governors (the "Board") decided to sell its oceanfront property, consisting of 5.5 acres. In June 1995, the Board found a buyer, AVA Development, Inc. ("AVA"), and agreed to sell the property to AVA for $34 million, conditioned on a favorable modification (for AVA) in the applicable zoning regulations. While AVA was pursuing such modification,

2

Joseph Imbesi acquired control of the Club's Board, and immediately took steps to prevent AVA from acquiring the oceanfront property. To this end, the Board resolved that the Club file the instant Chapter 11 case, which it did on October 2, 1998. On October 15, 1998, AVA moved to dismiss the Club's petition pursuant to 11 U.S.C. § 1112(b), which provides, in pertinent part:

> [O]n request of a party in interest . . . and after notice and hearing, the court . . . may dismiss a case under [Chapter 11] . . . for cause . . . .[1]

"[A] debtor's lack of 'good faith' may constitute cause for dismissal of a [Chapter 11] petition." In re Albany Partners, LTD, 749 F.2d 670, 674 (11th Cir. 1984); see also In re Dixie Broad., Inc., 871 F.2d 1023, 1026-27 (11th Cir. 1989). An "intent to abuse the judicial process and the purposes of the reorganization provisions" may constitute a lack of good faith. In re Dixie Broad., Inc., 871 F.2d at 1027 (quoting In re Natural Land Corp., 825 F.2d 296, 298 (11th Cir. 1987) (quoting In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984))).

The bankruptcy court held an evidentiary hearing on AVA's motion. In a comprehensive order entered on January 12, 1999, the court granted the motion, finding that "the bankruptcy filing in this case was an improper use of the

---

[1] The statute lists ten bases for a finding of cause. Because none is relevant in this case, we do not recite them here. As stated below in the text, the prosecution of a Chapter 11 case in bad faith (i.e., for the purpose of abusing the judicial process and the purposes of Chapter 11 reorganization) constitutes "cause" under § 1112(b).

bankruptcy process and the Court." Evidence of such improper use included Imbesi's "purchase of proxies to influence" the selection of Board members; "the initiation of litigation to frustrate" AVA's acquisition of the oceanfront property; the " 'highjacking' of the Debtor by replacing the Board through the use of 'phony' loans"; and "the borrowing of $1.145 million dollars, without agreeing to any terms of repayment or an interest rate, from a person holding the control of an insider [i.e., Imbesi or a company he controlled,] in a last minute rush in order to gain a strategic advantage over another interested party."

The Club appealed the court's dismissal of its petition to the district court.[2] While the appeal was pending, the Club moved the bankruptcy court for relief under Rule 60(b)(2) and (3) of the Federal Rules of Civil Procedure. The court denied its motion, and the Club appealed that order. The district court consolidated the appeals, and affirmed. Addressing the order of dismissal, the court upheld the bankruptcy court's findings of fact as not clearly erroneous. The court then found no error in the bankruptcy court's application of section 1112(b) to those facts. Given these holdings, the court concluded that dismissing the Chapter 11 petition was a decision that fell well within the bankruptcy court's discretion. Finally, the

---

[2] The Club also appealed its related motion to reconsider the dismissal. With the exception of a few minor textual modifications to its opinion dismissing the Chapter 11 petition, the bankruptcy court denied the motion to reconsider in an order dated February 12, 1999. The district court affirmed the bankruptcy court's order.

4

district court summarily affirmed the bankruptcy court's Rule 60(b) disposition.

The Club now appeals. We affirm the Rule 60(b) disposition because the appeal is devoid of merit. We also affirm the district court's decision upholding the bankruptcy court's findings of fact; those findings have a firm basis in the record. We turn, then, to the crux of the Club's assault on the bankruptcy court's decision to dismiss the appeal under 11 U.S.C. § 1112(b).

## II.

The Club argues that the bankruptcy court abused its discretion in reaching the decision to dismiss the appeal because it misapplied the law.[3] The error consisted of the court's failure to give the Club the benefit of the "business judgment rule." The case the Club cites for the rule is <u>FDIC v. Stahl</u>, 89 F.3d 1510 (11th Cir. 1996), which states that " '[t]he [business judgment rule] is a policy of judicial restraint born of the recognition that directors are, in most cases, more qualified to make business decisions than are judges.' *International Ins. Co. v. Johns*, 874 F.2d 1447, 1458 n. 20 (11th Cir. 1989). In this light, the [rule] may be viewed as a method of preventing a factfinder, in hindsight, from second guessing the decisions of directors." <u>Stahl</u>, 89 F.3d at 1517. As the Club properly

---

[3] It is well settled that a trial court abuses its discretion if, in making the discretionary call, it misapplies the law. <u>In re Celotex Corp.</u>, 227 F.3d 1336, 1338 (11th Cir. 2000).

points out, "[u]nder the business judgment rule, courts <u>presume</u> that directors have acted in good faith. A court will not call upon a director to account for his action in the absence of a showing of abuse of discretion, fraud, bad faith, or illegality." <u>Johns</u>, 874 F.2d at 1461 (internal citations and footnote omitted) (emphasis added).

The Club says that the bankruptcy court should have <u>presumed</u> that it filed and was going to prosecute its Chapter 11 petition in good faith, and that the court erred in failing to give it the benefit of that presumption. The problem with the Club's position is that in the litigation of a motion brought under section 1112(b) to dismiss a Chapter 11 petition – which is what the bankruptcy court had before it – the movant, AVA, had the burden of proof. In short, the Club did not need a presumption. Moreover, a presumption is a procedural device that aids a party having the burden of proof in establishing a point – as to which his adversary has possession of the critical evidence.[4] In the situation here, the Board possessed all of the evidence concerning its reasons for filing the instant petition.

---

[4] Rule 301 of the Federal Rules of Evidence provides in relevant part: "In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption . . . ." Fed. R. Evid. 301; <u>see also</u> <u>Chandler v. United States</u>, 218 F.3d 1305, 1333 (11th Cir. 2000) ("[A] Rule 301 presumption is a device that aids the party with the burden of proof in establishing the elements of its claim. (Or, on the defendant's side of the case, a presumption may aid in establishing the elements of an affirmative defense.) A presumption is invoked when a party's adversary possesses evidence that is essential to the claim (or affirmative defense) but is, as a practical matter, unavailable to all but the adversary.").

In using the word "presumption" or "presumed" in articulating the business judgment rule, the courts have not intended to create a presumption in the classical procedural sense – as a vehicle that puts the burden of going forward with the evidence on the party without the burden of proof. Rather, the courts are merely expressing the substantive rule of director liability. As the panel in Stahl expressed it, "directors are protected by the [business judgment rule under Florida law], no matter how poor their business judgment, unless they acted fraudulently, illegally, oppressively, or in bad faith. Said differently, so long as due care was exercised, the [rule] protects a 'good director' (one who did not act fraudulently, illegally, oppressively, or in bad faith) who made an honest error or mistake in judgment, but not a 'bad director' (one who acted fraudulently, illegally, oppressively, or in bad faith) who made a bad decision." Stahl, 89 F.3d at 1517 (internal citation omitted).

The question before the bankruptcy judge was a question the business judgment rule envisions – whether the Board acted in bad faith when it filed the instant petition. AVA had the burden of proof on that issue, and, as the bankruptcy court's findings indicate, it fully satisfied that burden. Section 1112(b) authorized the court to dismiss the petition on a finding that it had been filed in bad faith, for the purpose of abusing the judicial process and the reorganization afforded by Chapter 11. In sum, the bankruptcy court did not misapply the law in reaching its

7

decision.  The court's decision is therefore due to be upheld.  We uphold it by affirming the judgment of the district court.

AFFIRMED.