[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14683
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 09-80871-CV-ASG, 08-27987-BKC-EP

In Re:  PEGASUS WIRELESS CORPORATION,


Debtor.

_____

PEGASUS WIRELESS CORPORATION,

Plaintiff-Appellant,

versus

ALEX TSAO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 9, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Pegasus Wireless Corporation (Pegasus) appeals the district court's order affirming the bankruptcy court's dismissal of Pegasus's voluntary Chapter 11 bankruptcy case for cause under 11 U.S.C. § 1112(b). On appeal, Pegasus contends: (1) the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) precluded dismissal of the case, (2) the bankruptcy filing was required by Nevada law, and (3) dismissal is a severe remedy.[1] After review, we conclude all of Pegasus's arguments lack merit.[2]

I.

Pegasus contends BAPCPA circumscribed the bankruptcy court's discretion to dismiss the case for cause. With regard to § 1112, BAPCPA made dismissal or conversion mandatory upon a showing of cause subject to specified exceptions.

---

[1] Only the first issue was presented to the district court, and none of the issues were presented to the bankruptcy court. We generally will not consider issues raised for the first time on appeal. *In re Pan American World Airways, Inc.*, 905 F.2d 1457, 1461–62 (11th Cir. 1990). Nevertheless, we review each issue and find them without merit.

[2] As the "second court of review" of the bankruptcy court's judgment, "we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court." *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005). Pegasus does not challenge any factual determinations on appeal; thus, we accept the bankruptcy court's factual findings as true. *See Brinson v. Raytheon Co.*, 571 F.3d 1348, 1350 n.1 (11th Cir. 2009). We review legal conclusions *de novo*, *In re Bilzerian*, 100 F.3d 886, 889 (11th Cir. 1996), and dismissals pursuant to § 1112(b) for abuse of discretion, *In re Bal Harbour Club, Inc.*, 316 F.3d 1192, 1194–95 (11th Cir. 2003).

Pegasus does not explain how BAPCPA precludes, rather than mandates, dismissal.

Section 1112(b) provides in pertinent part that a bankruptcy court "shall" dismiss or convert a bankruptcy case for "cause" unless "unusual circumstances specifically identified by the court . . . establish that the requested conversion or dismissal is not in the best interests of creditors and the estate . . . ." 11 U.S.C. § 1112(b)(1). We have held cause for dismissal exists when a bankruptcy petition was not filed in good faith. *See In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984). Dismissal is particularly appropriate "when there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *In re Albany Partners*, 749 F.2d at 674.

Here, the bankruptcy court determined cause for dismissal existed because the case was not filed in good faith.[3] The bankruptcy court based its decision on, *inter alia*, Pegasus's repeated violation of California state court orders, the

---

[3] The bankruptcy court also determined cause existed under § 1112(b)(4)(B) based on "gross mismanagement of the estate[,]" and under § 1112(b)(4)(A) as a result of "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A), (B).

3

"fabricated" testimony of Pegasus's Chief Financial Officer at the evidentiary hearing, and Pegasus's failure to demonstrate any attempt at reorganization after its bankruptcy filings. The bankruptcy court explicitly noted there were no "unusual circumstances" and concluded dismissal, rather than conversion, was in the best interests of the creditors and the estate.[4] Based on the bankruptcy court's findings, which Pegasus does not dispute, the dismissal for cause was not an abuse of discretion. Pegasus's contention that BAPCPA somehow precluded this result is wholly without merit.

## II.

Pegasus argues the bankruptcy filing was required under Nevada law, which imposes fiduciary duties on officers and directors with respect to creditors of an insolvent corporation. This issue is meritless, as Pegasus fails to cite any authority holding that state law can abrogate the authority vested in federal bankruptcy judges to dismiss actions for cause under § 1112(b).

---

[4] In its reply brief, Pegasus argues conversion, rather than dismissal, would be in the best interests of the creditors and the estate. Arguments raised for the first time in the reply brief are deemed waived. *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009). Regardless, this issue is meritless. The bankruptcy court explicitly considered conversion as an alternative to dismissal and did not err in concluding dismissal was the best course of action.

## III.

Finally, Pegasus contends dismissal is a "severe remedy reserved for the most severe behavior." As explained above, the bankruptcy court did not abuse its discretion by dismissing this case for cause under § 1112(b). Moreover, it is clear Pegasus filed this bankruptcy petition for the purpose of avoiding its obligations to Appellee. Pegasus's egregious conduct easily constitutes "severe behavior."

**AFFIRMED.**