In re CANBEC INVESTMENT CORPORATION, Debtor.

No. 04–11640–3F1.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 11, 2006.

Ronald Cutler, Ronald Cutler PA, Daytona Beach, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Motion to Convert Case to Chapter 7 filed by BTDT Investments, Inc. ("BTDT").[1] The Court conducted hearings on April 6, 2006 and May 4, 2006. The Court elected to take the matter under advisement. Upon the evidence and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Canbec Investments Corporation ("Canbec") was incorporated in 1998. Canbec was in the business of purchasing residential real properties, renovating them, and reselling them for a profit, otherwise known as "flipping". Canbec has never had any employees.

BTDT was also in the business of "flipping" residential real properties and providing financing for other "flippers". During 2000 Canbec and BTDT entered into a business relationship by which BTDT agreed to provide financing to Canbec to purchase residential real properties. BTDT financed thirteen properties for Canbec.

---

1. Although BTDT styled the motion as a motion to convert to Chapter 7, it should have been styled as a motion to reconvert because the case was previously a Chapter 7 case which was converted to Chapter 11.

On April 19, 2002 BTDT loaned $120,000.00 to Canbec to purchase residential real property located at 201 Hollowbrook, Ormond Beach, Florida (the "Hollowbrook" property). In conjunction with the loan, Canbec executed a promissory note and mortgage, which was recorded in the public records of Volusia County, Florida. The promissory note was a balloon note, which provided for interest only payments for six months with the entire principal amount coming due during the seventh month. (Canbec's Ex. 8.)

On June 4, 2002 BTDT loaned $50,000.00 to Canbec to purchase residential real property located at 845 Oleander, Daytona Beach, Florida (the "Oleander" property). In conjunction with the loan, Canbec executed a promissory note and mortgage, which was recorded in the public records of Volusia County, Florida. The promissory note was a balloon note, which provided for interest only payments for six months with the entire principal amount coming due during the seventh month. (Canbec's Ex. 7.)

Canbec defaulted on both notes in 2002. In July 2003 BTDT instituted foreclosure proceedings as to the Oleander and Hollowbrook properties (collectively the "Properties"). (Canbec's Exs. 3, 6.) Canbec did not plead any affirmative defenses or file a cross claim in the foreclosure proceedings.

Canbec filed a Chapter 7 bankruptcy petition on November 16, 2004. On July 12, 2005 Canbec filed a motion to convert the case to Chapter 11. On July 13, 2005 the Court converted the case to Chapter 11.

On September 19, 2005 BTDT filed a Motion for Relief from the Automatic Stay (the "Motion"). On November 14, 2005 the Court conducted a hearing on the Motion at which it entered an adequate protection order. The adequate protection order required Canbec to make monthly payments totaling $2,000.00 on the Properties.

On November 2, 2005 BTDT filed a motion to reconvert the case to Chapter 7. The hearing on the motion to reconvert the case was originally set for January 12, 2006. Upon the request of BTDT, the hearing was continued. The Court continued the hearing to April 6, 2006. The Court took evidence at that hearing and continued the hearing to May 4, 2006.

On April 3, 2006 Canbec filed a disclosure statement and plan of reorganization (the "Plan"). The Plan provides that Canbec intends to file an adversary proceeding against BTDT contesting the validity of the mortgages on the Properties. The Plan provides that in the event Canbec is not successful in the adversary proceeding, Canbec intends to liquidate the Properties and pay off all creditors or continue to make current monthly mortgage payments and pay any arrearage over time. On April 6, 2006 Canbec filed the adversary complaint against BTDT.

At the hearing on the motion to reconvert Ginette Dixon, the sole owner of Canbec since 2003, testified that Canbec's only operations during the five months leading up to the May 4, 2006 hearing were small home repairs by Dixon which brought in $2,000.00. Dixon lives in one of the Properties and her daughter lives in the other. Dixon pays the $2,000.00 monthly adequate protection payments to BTDT. Dixon's daughter does not pay any rent or otherwise provide any services to Canbec.

Canbec has no unsecured creditors. Canbec's only creditor is Raymond Magley, the attorney for the former Chapter 7 Trustee, who is owed approximately $4,000.00.

## CONCLUSIONS OF LAW

Under section 1112(b) of the Bankruptcy Code, a bankruptcy court may dismiss a

Chapter 11 case or convert a Chapter 11 case to Chapter 7 for cause. Section 1112(d) provides in relevant part:

> Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee ... and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause ...

11 U.S.C. § 1112 (2005).

■■■ A court may dismiss a Chapter 11 case if a petition for relief was filed without good faith. *See In re Phoenix Piccadilly*, 849 F.2d 1393, 1394 (11th Cir. 1988). A court has broad discretion to evaluate the totality of the circumstances in each case and to determine whether those circumstances indicate a lack of good faith. *See Singer Furniture Acquisition Corp. v. SSMC Inc., N.V. (In re Singer Furniture Acquisition Corp.)*, 254 B.R. 46, 51 (M.D.Fla.2000). Although there is no particular test for determining whether a debtor has filed a petition in bad faith, courts may consider factors which evidence "an intent to abuse the judicial process and the purposes of the reorganization provisions" or, in particular, factors which evidence that the petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *Phoenix Piccadilly*, 849 F.2d at 1394 (quoting *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir.1984)).

■ In *Phoenix Piccadilly* the Eleventh Circuit affirmed the district court's decision affirming the bankruptcy court's dismissal of a case for cause pursuant to § 1112(b). In doing so, the Eleventh Circuit noted the presence of the following circumstantial factors previously identified by courts as evidence of a bad faith filing:

(i) The Debtor has only one asset, the Property, in which it does not hold legal title;

(ii) The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;

(iii) The Debtor has few employees;

(iv) The Property is the subject of a foreclosure action as a result of arrearages on the debt;

(v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and

(vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

*Id.* at 1394 (citations omitted).

■ Upon a review of the circumstances, the Court finds that the instant case was not filed in good faith. First, Canbec has only two assets, the Properties, both of which are encumbered by mortgages held by BTDT. Canbec has no income and no employees. Canbec has no unsecured creditors. The Properties are the subject of foreclosure proceedings, which have been pending since July, 2003 and upon which BTDT has had to pay property taxes and maintain insurance for several years. Canbec's financial problems are nothing more than a dispute between it and BTDT which can be resolved in the pending state court foreclosure proceeding. Although BTDT seeks reconversion of the case to Chapter 7, the Court finds that it is in the best interests of the creditors and the estate to dismiss the case. The Court will enter a separate order dismissing the case.

## ORDER DISMISSING CASE

This case came before the Court upon Motion to Convert Case to Chapter 7. Upon Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. The case is dismissed.
2. The automatic stay imposed by 11 U.S.C. § 362 is lifted.